FRED W. STODDARD, petitioner to establish the truth of exceptions.  June 2, 1947.  Petition dismissed.  It is ordered further that said clerk send a copy of this rescript to the clerk of the Superior Court for the county of Middlesex to be filed in the case of Ralph H. Harding *vs.* Fred W. Stoddard.  This is a petition by the defendant Fred W. Stoddard in the case of Ralph H. Harding *vs.* Fred W. Stoddard to establish the truth of the defendant's exceptions.  The petition must be dismissed.  Even if the truth of the exceptions were established, the bill of exceptions would present "no question of law of such gravity as properly to call for consideration of the court."  *Commonwealth* v. *Vallarelli*, 273 Mass. 240, 247.  *Graustein, petitioner*, 305 Mass. 571.  *Stern, petitioner*, 317 Mass. 767.

WILLIAMSTOWN SAVINGS BANK *vs.* RALPH W. HASKINS & others.  June 10, 1947.  Appeal waived.  This is a bill in equity for authority to foreclose a mortgage, brought because of the soldiers' and sailors' civil relief act of 1940.  See St. 1943, c. 57; St. 1945, c. 120.  The case was argued with the companion case of Paul A. Tamburello, trustee in bankruptcy, *vs.* Michael L. Monahan and others, in which this court has held this day [*ante*, 445] that a former purported foreclosure sale under the same mortgage was void.  At the argument, counsel for Tamburello announced in open court that Tamburello waived the appeal which appears in the record as having been taken by him.  We therefore treat the appeal as waived without considering whether Tamburello as trustee in bankruptcy ever became a party to this suit, or whether the mortgage which the plaintiff seeks to foreclose has been assigned by the conveyance of the property by the plaintiff to the defendant Fleming.  See *Holmes* v. *Turner's Falls Co.* 142 Mass. 590, 591; *Harlow Realty Co.* v. *Cotter*, 284 Mass. 68, 72–73.

*R. T. Capeless*, (*L. S. Cain* with him,) for the defendants.

*W. J. Donovan*, (*O. D. Marshall* with him,) for the plaintiff.

FRANK RUBENSTEIN *vs.* JOAN H. RUBENSTEIN.  October 14, 1947.  Decree affirmed.  From a decree of the Probate Court dismissing his libel for divorce brought on the ground of cruel and abusive treatment, the libellant appeals.  The libel was uncontested.  The judge made no findings of fact but there is a report of the evidence.  The evidence need not be recited.  We assume that the libellant's testimony, although uncorroborated, was sufficient to warrant a decree in his favor.  See *Goren* v. *Goren*, 310 Mass. 284.  But such a decree was not required.  The judge was not obliged to believe the testimony of the libellant even though it was uncontradicted.  *Lindenbaum* v. *New York, New Haven & Hartford Railroad*, 197 Mass. 314, 323.  *Reardon Importing Co.* v. *Security Trust Co.* 318 Mass. 304, 307, and cases cited.  The record reveals no error of law or fact.

*A. Lerner*, for the libellant.

No argument nor brief for the libellee.