WILLIAM V. WARD *vs.* COMPTROLLER OF THE
COMMONWEALTH & another
(and a companion case[1]).

Suffolk.    November 9, 1962. — December 3, 1962.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Commonwealth,* Salary paid from treasury of Commonwealth. *Metropolitan Transit Authority.* *Comptroller.* *Equity Jurisdiction,* Declaratory relief. *Equity Pleading and Practice,* Parties, Declaratory proceeding.

In declaratory proceedings, to which the Comptroller of the Commonwealth was a party, involving the question whether an opposing party was receiving more than one salary from the treasury of the Common-

---

[1] The companion case is by the Comptroller against the plaintiff in the first case.

wealth in violation of G. L. c. 30, § 21, the Commonwealth was an interested and necessary party whose rights were not fully represented by the Comptroller, and since it had not consented to being made a party the proceedings must be dismissed. [185–186, 187]

Compensation paid by the Metropolitan Transit Authority, "a body politic and corporate and a political subdivision of the" Commonwealth created by St. 1947, c. 544, to one of its trustees who was also a salaried employee of the Commonwealth was not paid "from the treasury of the" Commonwealth and there was no violation of G. L. c. 30, § 21, even though money advanced by the Commonwealth to the Authority on account of deficits was deposited in the general funds of the Authority and used to pay its expenses including the trustees' compensation. [186–187]

TWO BILLS IN EQUITY, one filed in the Superior Court on February 2, 1962, and the other filed in the Supreme Judicial Court for the county of Suffolk on February 5, 1962, and transferred to the Superior Court.

The suits were heard by *Morton*, J.

*Samuel W. Gaffer* (*Henry H. Chmielinski, Jr.*, Special Assistant Attorney General, with him) for the Comptroller of the Commonwealth.

*Joseph S. Ayoub*, Assistant Attorney General (*I. Louis Fine* with him), for the Director of the Division of Employment Security.

*John R. Kewer* (*John M. Hogan* with him) for William V. Ward.

WILKINS, C.J.   These are two bills for declaratory decrees to ascertain the effect of G. L. (Ter. Ed.) c. 30, § 21, which reads, "A person shall not at the same time receive more than one salary from the treasury of the commonwealth."   The principal issue argued is whether Ward, the plaintiff in the first case and the defendant in the second, is receiving two salaries in violation of the statute.   Ward holds two positions.   (1) He is an employment office manager in the division of employment security.   This is a position within the classified civil service, G. L. c. 31, and he is a permanent incumbent.   (2) He is a trustee of the Metropolitan Transit Authority, appointed by the Governor with the advice and consent of the Council under St. 1947, c. 544, § 2 (as amended by St. 1953, c. 197, § 1, and St. 1955, c. 725, § 2).

In the first case the defendants are the Comptroller and the director of the division of employment security. On January 30, 1962, the Comptroller wrote a letter to the director stating his opinion that Ward was not entitled to receive compensation as employment manager while serving as trustee and directing that no further payments be made to him. The defendant director stopped payments as a result of the letter. The trial judge ruled that Ward is entitled to retain his position as employment office manager in the division of employment security and to receive compensation for such services while he holds the office of trustee of the Metropolitan Transit Authority and receives compensation from the Authority. From a final decree to this effect the Comptroller and the director appealed.

In the second case the trial judge, relying upon G. L. (Ter. Ed.) c. 30, § 22,[1] ruled that the Attorney General, and not the Comptroller, was the proper party to bring suit. From a final decree dismissing the bill, the Comptroller appealed.

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." G. L. c. 231A, § 8. *Harvey Payne, Inc.* v. *Slate Co.* 342 Mass. 368, 370. It is obvious that the Commonwealth is an interested party to any declaration. Its rights are not fully represented by the Comptroller, whose powers are set forth in G. L. c. 7, § 13 (as amended through St. 1950, c. 272), which provides: "The comptroller shall examine all accounts and demands against the commonwealth [with exceptions presently immaterial] . . . . He may require affidavits . . . . The comptroller shall make a certificate specifying the amount due and allowed on each account or demand so examined, the name of the person to whom such

---

[1] "Whoever wilfully violates the preceding section . . . shall forfeit to the commonwealth the compensation from all offices held in violation of said provisions during the time they are so held, to be recovered by the attorney general, upon written complaint made within one year by any citizen."

amount is payable, and the account to which it is charge-
able; and if it appears to him that there are improper
charges in said accounts or demands he shall report the
same to the governor and council, with a separate certificate
therefor. He shall keep copies of all such certificates and
transmit the originals to the governor, who, with the advice
and consent of the council, may issue his warrant to the
state treasurer for the amount therein specified as due."
It is clear that the Comptroller himself has no authority to
direct the withholding of payments. If he thinks that some
charge is improper, it is then his function to report it to the
Governor and Council. This is entirely consistent with
G. L. c. 29, § 18 (as amended through St. 1953, c. 263, § 2).[1]

The Commonwealth has not consented to be made a party
to declaratory proceedings under c. 231A. *Executive Air
Serv. Inc.* v. *Division of Fisheries & Game,* 342 Mass. 356,
358. In the second case, to be sure, it has been admitted in
the pleadings and the judge has found that a controversy
exists between Ward and the Comptroller. But the Com-
monwealth is a necessary party. Any declaration which
might be made would not terminate that controversy. *Kil-
roy* v. *O'Connor,* 324 Mass. 238, 242–243. *Morgan* v. *Banas,*
331 Mass. 694, 698. *Harvey Payne, Inc.* v. *Slate Co.* 342
Mass. 368, 370. See G. L. c. 231A, § 3.

This is, however, an appropriate occasion to state our
views on the merits, which have been fully argued. *Wel-
lesley College* v. *Attorney Gen.* 313 Mass. 722, 731. *Massa-
chusetts Charitable Mechanic Assn.* v. *Beede,* 320 Mass. 601,
609. *Vautier, petitioner,* 340 Mass. 341, 344–345.

The Authority is "a body politic and corporate and a
political subdivision of the commonwealth" created by
St. 1947, c. 544, § 1, which became effective on June 19, 1947.
*Boston Elev. Ry.* v. *Metropolitan Transit Authy.* 323 Mass.
562, 565. There was no such political subdivision under
Spec. St. 1918, c. 159, "An Act to provide for the public

---

[1] "Except as otherwise provided, no money shall be paid by the common-
wealth without a warrant from the governor . . . and after the demand or
account to be paid has been certified by the comptroller . . . ."

operation of the Boston Elevated Railway Company."
Consequently, statements as to that statute are without
present relevance. See, for example, *Opinion of the Jus-
tices,* 309 Mass. 609, 620–624.

The salary paid to Ward by the Metropolitan Transit
Authority is not a payment from the treasury of the Com-
monwealth. The argument that it is so paid is founded
upon the method of financing the substantial deficits of the
Authority. Pertinent findings of the judge are these.
Ward's salary as trustee has been paid out of the general
funds of the Authority, which from time to time in each
year since 1947 has sent notices to the Treasurer of the
Commonwealth certifying a deficit. See St. 1947, c. 544,
§ 13, as amended by St. 1949, c. 572, § 5; § 13A, inserted by
St. 1954, c. 409, § 1. Amounts paid by the Commonwealth
to the Authority as advances on account of deficits for 1961
have not as yet been assessed upon the cities and towns
placed within the territory of the Authority by St. 1947,
c. 544, § 1. Such assessments and payments are governed
by G. L. c. 59, § 20 (as amended through St. 1946, c. 432, § 1).
The treasurer of the Authority has deposited all moneys
received from the State Treasurer in the general funds of
the Authority and used them to meet the cost of service
which includes the salaries of the trustees.

The interlocutory decrees are affirmed. Since the Com-
monwealth cannot be made a party to the controversy, the
final decree in the first case is reversed, and a new final de-
cree is to be entered dismissing the bill; and the final decree
in the second case is affirmed.                    *So ordered.*