MASSACHUSETTS GENERAL HOSPITAL *vs.* DEPARTMENT OF
PUBLIC WELFARE
(and a companion case[1]).

Suffolk.    March 22, 1973. — June 22, 1973.

Present: ROSE, KEVILLE, & GOODMAN, JJ.

*Equity Pleading and Practice,* Appeal, Waiver, Bill. *Equity Jurisdiction,* Declaratory relief. *Waiver.*

Compliance by the Department of Public Welfare with portions of a Superior Court decree invalidating regulations for eligibility and hospital care and enjoining their enforcement, and ordering the Department to promulgate new regulations and to review all cases in which charges for hospital care had been disapproved under the old regulations, constituted a waiver of an appeal by the Department from those portions of the decree. [366-367]

After compliance by the Department of Public Welfare with portions of a final decree of the Superior Court in equity relating to eligibility

---

[1] City of Boston *vs.* Commissioner of Public Welfare.

requirements for hospital care, this court struck another portion of the final decree declaring the remedy plaintiff hospitals must pursue to obtain reimbursement, where the bill raised no issue as to the appropriate remedy. [367-368]

TWO BILLS IN EQUITY filed in the Superior Court on May 1, 1972.

The suits were heard by *Brogna,* J.

*Danielle E. deBenedictis,* Assistant Attorney General (*Robert H. Quinn,* Attorney General, with her) for the Department of Public Welfare & another.

*Mack K. Greenberg,* Assistant Corporation Counsel (*Herbert P. Gleason,* Corporation Counsel, with him) for the city of Boston.

*Albert G. Tierney, Jr.* (*Colette Manoil* with him) for Massachusetts General Hospital.

GOODMAN, J.   These are two bills for declaratory and other relief: one by the Massachusetts General Hospital against the Department of Public Welfare and one by the city of Boston, which operates the Boston City Hospital, the Long Island Chronic Disease Hospital and the Mattapan Chronic Disease Hospital, against the Commissioner of Public Welfare. The cases were heard together by a judge in the Superior Court who issued "Findings, Rulings and Order for Decree" and a final decree applicable to both cases. The "Findings, Rulings and Order for Decree" adopts the facts submitted by the parties as a case stated. G. L. c. 231, § 126. *Colella* v. *State Racing Commn.* 360 Mass. 152, 153. *Chief of Police of Dracut* v. *Dracut,* 357 Mass. 492, 494. See *Nasis* v. *American Motorists Ins. Co.* 353 Mass. 219, 221. The cases are here on appeals from the final decree by the defendants (defendant, the difference in designation being immaterial).[2]

These cases arose from the revision of G. L. c. 117 (which provides for "general relief" so called) by St. 1971, c. 908, as it applies to the liability of the Commonwealth for "hospi-

---

[2] The defendant also appealed from an interlocutory decree overruling its demurrer but has not argued this appeal; it is deemed waived. Rule 1:13 of the Appeals Court.

tal care ... furnished to a person ... determined to be without sufficient income or resources in accordance with standards established by the department ... [of public welfare]" (G. L. c. 117, § 21) and who is not eligible under G. L. c. 118E (medicaid). The plaintiffs attacked the validity of the regulations issued in that connection by the defendant and contained in state letter No. 291.

State letter No. 291, as the Superior Court pointed out, "set identical standards and requirements for a determination by the Department of eligibility for general assistance (food, rent, utilities, clothing, etc.) [under G. L. c. 117, § 1[3]] and for determining eligibility for hospital care." Thus a hospital furnishing such care was entitled to reimbursement only if the patient had been or was thereafter determined by the Department of Public Welfare to be entitled in all other respects to "general relief." The court ruled in effect that the statutory scheme required that eligibility for general relief and eligibility for hospital care be treated separately, each set of standards tailored to the particular type of assistance provided. The trial judge further ruled that "the rules regarding eligibility for general welfare ['food, rent, utilities, clothing, etc.'] bear no reasonable relationship to conditions relating to hospital care" and that "the practical effect of parts of State Letter No. 291 on hospitals furnishing care to the indigent is to subject such hospitals to unreasonable and perhaps confiscatory conditions."

Accordingly, he entered a final decree which (a) declared, in paragraph 1, that the regulations and standards for determining eligibility requirements for hospital care in state letter No. 291, implementing G. L. c. 117, § 21, were

---

[3] General Laws c. 117, § 1, provides: "The commonwealth, acting by and through the department of public welfare, shall assist, to the extent practicable, all poor and indigent persons residing therein, whenever they stand in need of such assistance. The aid furnished shall be determined by the department on the basis of the circumstances surrounding each application, shall be sufficient to maintain an adequate standard of living for the poor and indigent applicant and his immediate family who are eligible as hereinafter provided, shall be in an amount to be determined in accordance with budgetary standards of the department and shall be granted from the date of the application therefor . . . ."

invalid; (b) enjoined, in paragraph 2, enforcement of those regulations; (c) ordered, in paragraph 3, the commissioner to promulgate new regulations within sixty days, consistent with the court's rulings and order for decree and (d) ordered, in paragraph 4, a review of all cases in which charges for hospital care had been disapproved because the patient did not meet the eligibility regulations of state letter No. 291.[4]

After the cases were entered in this court, the defendant — as the parties agree — issued new regulations entitled "Separate Eligibility Requirements for Hospital Care under the General Relief Program" (state letter No. 308) to supersede state letter No. 291. The defendant also submitted an affidavit that all claims were being reviewed under the new regulations as required by paragraph 4 of the decree. The defendant contends that the validity of the old regulations, state letter No. 291, is no longer a live issue appropriate for review. It urges that the question whether the new regulations are "consistent with the . . . Rulings and Order for decree . . . filed July 19, 1972," as required by paragraph 3 of the decree, is not before us and is a proper subject for further proceedings in the Superior Court. Its position stated otherwise is that it has complied with paragraphs 1 to 4, inclusive, of the decree[5] but that these provisions of the decree were not thereby vitiated and remain in effect as a basis for further litigation. *Baron* v. *Fontes,* 311 Mass. 473, 477. Compare *Hubrite Informal Frocks, Inc.* v. *Kramer,* 297 Mass. 530, 535-536; *Caputo* v. *Board of Appeals of Somerville,* 330 Mass. 107, 113-114; *Boston Safe Deposit & Trust Co.* v. *Dean,* 361 Mass. 244, 248-249. Contra, *Reilly* v. *School Comm. of Boston,* 362 Mass. 689, 696, and cases cited. *Bettigole* v. *City Council of*

---

[4] The decree (paragraph 5) further declared the circumstances in which the plaintiffs must apply to the Department of Public Welfare (see G. L. c. 117, § 21) in order to obtain reimbursement for hospital care instead of proceeding under G. L. c. 258, "Claims against the Commonwealth." This portion of the decree is dealt with hereafter.

[5] Compliance occurred after the cases were entered in this court. See *Lowell Bar Assoc.* v. *Loeb,* 315 Mass. 176, 189.

*Springfield, post,* 816.[6] This "amounts to acquiescence in that part of the decree" (*Kerrigan* v. *Boston,* 361 Mass. 24, 31,) and we treat its appeal from these portions of the decree as waived (*Williamstown Sav. Bank* v. *Haskins,* 321 Mass. 751), leaving in effect paragraphs 1 to 4, inclusive.

The defendant presses its appeal from paragraph 5 of the decree declaring the remedy which the plaintiffs must pursue in order to obtain reimbursement for hospital care from the Department of Public Welfare.[7] The only reference in the record to the appropriate remedy is in two of the nineteen prayers in the Massachusetts General Hospital's bill of complaint (also mentioned in one of the fourteen paragraphs of its proposed decree). The bill of complaint contains no allegations which bear on these prayers. See *Brown* v. *Neelon,* 335 Mass. 357, 361; *Duane* v. *Quincy,* 350 Mass. 59, 61. The only controversy alleged is "as to the validity of the Department's Regulations . . . and their applicability to hospital care." The case stated is silent on this matter. The procedure available under G. L. c. 117, § 21 (see G. L. c. 18, § 16) is not before us so that we cannot tell how and the extent to which it operates in the many different combinations of circumstances in which claims for hospital care may arise. The declaration in paragraph 5 of the decree is not focused by the record. *Kerrigan* v. *Boston,* 361 Mass. 24, 31-32. *Public Affairs Press* v. *Rickover,* 369 U. S. 111. It is an advisory opinion in the abstract as to the proper remedy; declaratory relief is not ordinarily available in such a case. *Skowronski* v. *Worcester,* 346 Mass. 778. Borchard, Declaratory Judgments (2d

---

[6] The Massachusetts General Hospital in its brief takes the same view; the city of Boston asks us to review the new regulations, state letter No. 308. This we decline to do. They are not part of the record in this case and no record has been made with reference to them on which we can appropriately act.

[7] Paragraph 5 of the decree provides: "The remedy provided in § 21 of C. 117 of a determination by the Department of Public Welfare and an appeal (presumably under C. 30A) shall be exclusive in cases where the hospital has made the application on behalf of a disabled patient and/or cases where the patient or a relative has made the application and is available and willing to prosecute an appeal. In all other cases the hospital may petition pursuant to C. 258."

ed.) 78. See *Weinstein* v. *Chief of Police of Fall River*, 344 Mass. 314, 317-318.

The final decree is modified by striking paragraph 5 and as so modified is affirmed. The appeal from the interlocutory decree not having been argued is dismissed.

*So ordered.*