TOWN OF MILLIS *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY.

Suffolk. April 10, 1975. — May 27, 1975.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Mass Transportation. Massachusetts Bay Transportation Authority. Commonwealth,* Financial matters, Political subdivisions. *Practice, Civil,* Parties. *Constitutional Law,* Due process of law, Mass transportation.

In a suit in equity by a town to establish that it received no service or benefit from the Massachusetts Bay Transportation Authority and for a declaration that assessments upon it under G. L. c. 161A were confiscatory and in violation of due process of law, neither the Commonwealth nor the other cites and towns of the Authority's territory were necessary parties, but the State Treasurer was a necessary party since the controversy related solely to the duties of the Treasurer, who first pays the deficit of the Authority to it and then assesses the part thereof not borne by the Commonwealth to the cities and towns. [833-834]

The provisions of G. L. c. 161A for the apportionment of net transportation costs upon the cities and towns of the Massachusetts Bay Transportation Authority's territory are constitutional. [834-835]

BILL IN EQUITY filed in the Supreme Judicial Court for the county of Suffolk on January 13, 1971.

The suit was reserved and reported by *Quirico, J.*

*John F. St. Cyr,* Town Counsel, for the town of Millis.

*Joseph H. Elcock (Ronald G. Busconi* with him) for Massachusetts Bay Transportation Authority.

BRAUCHER, J. The plaintiff town seeks a finding that it receives no service or benefit from the defendant Massachusetts Bay Transportation Authority (MBTA) and a declaration that the assessment provisions of G. L. c. 161A result in confiscation of the property of the citizens of the town without due process of law. We hold that the State Treasurer is a necessary party to the action, and order that he be made a party under Mass. R. Civ. P. 1A, 12 (b) (7), 19 (a), 365 Mass. 731, 754, 765 (1974). We also reaffirm our decision that the provisions of G. L. c. 161A relating to the assessment on the town are constitutional. *Massachusetts Bay Transp. Authy.* v. *Boston Safe Deposit & Trust Co.* 348 Mass. 538, 560-563 (1965). We therefore order the entry of a declaratory judgment adverse to the plaintiff town.

The action was brought in the county court and was reserved and reported by a single justice of this court on the pleadings and a statement of agreed facts, which we summarize. The town is one of the "sixty-four cities and towns" referred to in G. L. c. 161A, § 1, inserted by St. 1964, c. 563, § 18. The MBTA provides no direct transportation service to or from the town; it does provide indirect service by means of commuter rail service in an adjacent town, and direct bus service is provided by a common carrier, subject to the regulatory power of the MBTA under G. L. c. 161A, § 5 (k). The annual assessment levied on the town for the net cost of MBTA service grew steadily from $236.65 in 1966 to $52,080.34 in 1973, and its assessment for 1974 was estimated at nearly $43,000 after a credit of $23,600 under St. 1973, c. 1140, § 16.

After each fiscal period the MBTA notifies the State Treasurer of the amount of the net cost of service, and the Commonwealth pays that amount to the MBTA. Part of that amount is borne by the Commonwealth; the balance is assessed by the State Treasurer on the cities and towns comprising the MBTA territory. G. L. c. 161A, § 12, referring to G. L. c. 59, § 20. Of the town's 1974 estimated assessment of nearly $43,000, more than $40,000 is made up of an assessment for "express service" in proportion to the number of "commuters" in the town and an assessment for "local service" in proportion to the population of the town. G. L. c. 161A, §§ 8, 11. The town is not assessed, as some other cities and towns are, on the basis of the number of express riders boarding at stations in the town or on the basis of losses attributable to routes operated in the town. It is assessed small amounts for "railroad passenger service" on the basis of "commuters" and on the basis of residents boarding at commuter railroad passenger stations. St. 1968, c. 728, as amended through St. 1972, c. 681, superseding G. L. c. 161A, § 8A. It is also assessed for interest on State borrowing to meet payments to the MBTA. G. L. c. 161A, § 12. Under St. 1973, c. 1140, § 21, the town is to receive $46,418 to be expended for highway purposes, but cities and towns which are outside the MBTA territory are also to receive highway funds under §§ 20 and 22. Cf. St. 1974, c. 825, §§ 1, 3, 4.

1. *Parties.* The Attorney General was given notice of the action as required by G. L. c. 231A, § 8, but neither the Commonwealth nor the other cities and towns of the MBTA territory have been made parties. The defendant demurred on the ground of failure to join all parties whose interests would be affected, and it argues that the Commonwealth, the other cities and towns of MBTA, and the State Treasurer are necessary parties.

We do not think the Commonwealth is a necessary party, as in *Executive Air Serv. Inc.* v. *Division of Fisheries & Game,* 342 Mass. 356, 358 (1961), and *Ward*

v. *Comptroller of the Commonwealth,* 345 Mass. 183, 186 (1962). The controversy relates solely to the duties of the State Treasurer, and a decree binding him would terminate it. See G. L. c. 231A, § 3. Cf. G. L. c. 59, § 20 (information by State Treasurer against delinquent town); *Sudbury* v. *Commissioner of Corps. & Taxn.* 366 Mass. 558, 568-569 (1974); *Brookline* v. *County Commrs. of the County of Norfolk, ante,* 345, 354-355 (1975); *Malden* v. *Appellate Tax Bd. ante,* 395, 403 (1975). We also agree with the town that it is not necessary to join all the other cities and towns in the MBTA territory. *Brookline* v. *County Commrs. of the County of Norfolk, supra,* at 349 (1975), and cases cited.

But the State Treasurer is only in part a conduit for the payment by the cities and towns of MBTA deficits. See *Massachusetts Bay Transp. Authy.* v. *Boston Safe Deposit & Trust Co.* 348 Mass. 538, 557 (1965). A portion of the cost is borne directly by the Commonwealth; the State Treasurer first pays the deficit to the MBTA and then assesses part of it to the cities and towns. We think, therefore, that the State Treasurer is a necessary party to the action, and that the demurrer should be considered and allowed as a motion that he be made a party. Mass. R. Civ. P. 1A, par. 3, 12 (b) (7), 19 (a), 365 Mass. 731, 754, 765 (1974).

2. *The merits.* The case is one of public importance, and the merits have been fully argued. Cf. *Ward* v. *Comptroller of the Commonwealth,* 345 Mass. 183, 186 (1962). In view of our conclusion, the addition of the State Treasurer as a party will not change the result. We therefore express our views on the merits and order a declaratory judgment in accordance therewith.

The provisions of G. L. c. 161A, inserted by St. 1964, c. 563, § 18, for the apportionment of net transportation costs were fully considered and upheld as valid in *Massachusetts Bay Transp. Authy.* v. *Boston Safe Deposit & Trust Co.* 348 Mass. 538, 560-563 (1965). Minor

amendments have been made since then, but the general scheme of the assessment formula has remained essentially the same. Some point is made of the change in the definition of "commuters" by St. 1969, c. 578, § 3, under which a person who commutes from Millis to Providence or Worcester may be counted as if he worked in Boston. But no showing is made what impact, if any, that change had on the assessments in issue.

We conclude that no sufficient change has been shown to justify reconsideration of our earlier decision. "By any measuring and apportioning schemes that can feasibly be administered, only a rough approximation of equality in the distribution of burdens can be had. Other deviations from an ideal apportionment plan, in addition to those noted, of course exist. They do not, however, render the apportionment invalid." *Id.* at 562.

3. *Disposition.* The State Treasurer is to be made a party in the county court, and a judgment is to be entered there declaring that the provisions of G. L. c. 161A for the apportionment of net transportation costs to the town of Millis are not unconstitutional.

*So ordered.*