BOARD OF ASSESSORS OF EDGARTOWN & another *vs.*
COMMISSIONER OF REVENUE
(and a companion case).[1]

Suffolk. December 6, 1979. — February 21, 1980.

Present: HENNESSEY, C.J., QUIRICO, WILKINS, LIACOS, & ABRAMS, JJ.

*Practice, Civil,* Declaratory proceeding, Parties. *Commonwealth,* Claim
against. *Taxation,* Reimbursement for loss of taxes on Commonwealth
land.

Governmental immunity was not a bar to actions by two towns seeking
injunctive relief against the Commissioner of Revenue with respect to
the correct method of computing State reimbursements in lieu of taxes
on State owned land under St. 1974, c. 492, § 21. [843-844]
Declaratory relief was inappropriate in actions against the Commissioner
of Revenue by two towns seeking an interpretation of St. 1974, c. 492,
§ 21, where the statute was effective for only one year and its inter-
pretation was of no legal materiality except as it related to the liability
of the Commonwealth for certain sums claimed by the towns.
[844-845]

CIVIL ACTIONS commenced in the Superior Court on No-
vember 12, 1974, and November 22, 1974, respectively.

The cases were reported to the Appeals Court by *Paquet,*
J. The Supreme Judicial Court, on its own initiative,
ordered direct review.

*Allan van Gestel (Thomas H. Lee, II,* with him) for the
plaintiffs.

*Terry Jean Seligmann,* Assistant Attorney General, for
the defendant.

LIACOS, J. The boards of assessors of the towns of Edgar-
town and West Tisbury filed complaints in the Superior
Court seeking declaratory and injunctive relief. The de-

---

[1] Board of Assessors of West Tisbury & another *vs.* Commissioner of
Revenue.

fendant's answer in each case asserted that the plaintiffs had failed to state a claim on which relief could be granted, and that the court lacked jurisdiction over the subject matter. The cases were set for hearing on the same day, and at that time, the parties submitted to the court a statement of agreed facts for each case. At the request of the parties, the cases were reported to the Appeals Court without decision. G. L. c. 231, § 111; Mass. R. Civ. P. 64, 365 Mass. 831 (1974). We transferred the consolidated cases here on our own motion.

We summarize the facts stipulated. Under G. L. c. 58, §§ 13-17, cities and towns in the Commonwealth are reimbursed for the loss of property taxes on State owned land which is exempt from local taxation. Until 1970, in making the valuations on which the reimbursement was based, the State Tax Commission (commission)[2] utilized the assessed value of the property as submitted by the assessors of the cities and towns and adjusted it according to the knowledge of the commission and its staff.

In 1967, the town of Amherst appealed the valuation of its State owned land to the Appellate Tax Board and ultimately to this court. We held in *Assessors of Amherst* v. *State Tax Comm'n*, 357 Mass. 505 (1970), that G. L. c. 58, § 13, required valuations based on the fair market value of the State owned land, including improvements. In 1972, a new set of valuations was done for all State owned property in accordance with the *Amherst* decision. Reimbursements were made to Edgartown and West Tisbury from 1972 until fiscal year 1975 on the basis of these 1972 valuations.

Chapter 492 of the Acts of 1974, enacted on July 8, 1974, with an emergency preamble, made certain changes in the basis for reimbursement to cities and towns for the loss of taxes on State owned land. Section 6 of chapter 492 amended G. L. c. 58, § 13, so that reimbursement was to be

---

[2] Statute 1978, c. 514, established the Department of Revenue, which is the statutory successor to the Department of Corporations and Taxation. The State Tax Commission was formerly a branch of the Department of Corporations and Taxation.

based on the fair cash value of land, excluding improvements, and a new valuation on this basis was to be made in 1975 and every fifth year thereafter. For the interim period prior to the new valuations, specifically for fiscal year 1975, St. 1974, c. 492, § 21, provided that: "Any provision of section thirteen of chapter fifty-eight of the General Laws to the contrary notwithstanding, land, as described in said section thirteen, acquired by the commonwealth on or before January first, nineteen hundred and seventy-one shall be valued by the state tax commission according to the valuation used for the purposes of reimbursements made under section seventeen of said chapter fifty-eight or assessments made under section seventeen A of such chapter in the year nineteen hundred and seventy-one. Such valuation shall be used until the said commission determines new valuations for all such land in nineteen hundred and seventy-five."

In determining these reimbursements for fiscal year 1975 pursuant to St. 1974, c. 492, § 21, the commission adopted the valuation on which reimbursement was actually made to cities and towns in 1971. The plaintiffs contend that St. 1974, c. 492, § 21, required reimbursements to cities and towns for fiscal 1975 on the basis of the 1971 fair cash value of that land.

We first reach the defendant's contention that the plaintiffs' claim is barred by principles of governmental immunity. The defendant asserts that the Commonwealth is the real party in interest because the action seeks establishment of a liability on the part of the Commonwealth and not merely a declaration of the duties of a State officer. The plaintiffs respond that the Commonwealth is not the real party in interest, citing *Long Island Painting Corp.* v. *Beacon Constr. Co.*, 345 Mass. 567, 571 (1963). In that case we held that a subcontractor on a public construction project of the Metropolitan District Commission was entitled to maintain a suit against the commission and the general contractor under G. L. c. 231A for a declaratory judgment construing G. L. c. 30, §§ 39F and 39G, and G. L. c. 149, § 29, with respect to a sum withheld by the commission from the

general contractor. We stated, "It was not a good ground for demurrer that the proceeding is against the Commonwealth and that G. L. c. 258 does not permit such a suit. . . . The Commonwealth is not a party. No decree against the Commonwealth for the sum which should be paid by M.D.C. is directly sought or can be entered on this bill." *Id.* at 571.

We agree with the plaintiffs that governmental immunity is not a bar in this case. The Commonwealth is not a party. No judgment against the Commonwealth can be entered on this complaint. This court has previously entertained declaratory judgment suits against the Commissioner of Corporations and Taxation (the predecessor of the Commissioner of Revenue) where a statutory interpretation was involved. See *Morville House, Inc.* v. *Commissioner of Corps. & Taxation,* 369 Mass. 928 (1976); *Green* v. *Commissioner of Corps. & Taxation,* 364 Mass. 389 (1973); *Massachusetts Mut. Life Ins. Co.* v. *Commissioner of Corps. & Taxation,* 363 Mass. 685 (1973). Immunity was not a bar in these cases.

A closer examination of the above cited declaratory judgment cases reveals the more serious defect in the plaintiffs' complaints, the inappropriateness of declaratory relief. In each of those cases the particular statutory provisions involved continued in effect at the time of the suit. In *Massachusetts Mut. Life Ins. Co., supra,* we noted that declaratory relief was appropriate where the proper interpretation of the applicable statute was a "repetitive problem" of "public interest beyond the parties." *Id.* at 688.

In the case at bar the plaintiffs seek by way of a declaratory judgment, an interpretation of a statute which was, by its terms, effective for only one year. Statute 1974, c. 492, § 21, will not affect the future conduct of the parties. This case is akin to *Mitchell* v. *Metropolitan Dist. Comm'n,* 4 Mass. App. Ct. 484 (1976), where the Appeals Court held that declaratory relief was inappropriate where the plaintiffs challenged the defendants' method of computing overtime pay under G. L. c. 92, § 62, a statutory provision

which had since been amended. The court stated, "[T]he formula used in computing overtime compensation, which is the subject of this challenge by the plaintiffs, has not been in effect since 1969, and therefore has no bearing on overtime services currently being rendered or to be rendered hereafter. . . . On the contrary, we are being called upon to deal solely with claims which have long since matured, based upon actions taken by the M.D.C. in years gone by. The correctness of the formula employed by the M.D.C. prior to 1969 is of no materiality except as it bears on the legal liability of the Commonwealth, if any, for the sums claimed, which . . . might otherwise have been established in a proceeding under G. L. c. 258, § 1. . . .[3] The assertion of a monetary claim in the form of a declaratory proceeding does not assist the plaintiffs' cause for the Commonwealth has not consented to be made a party to such a proceeding" (citations omitted). *Id.* at 489.

In the case at bar the correct method of computing State reimbursements in lieu of taxes under St. 1974, c. 492, § 21, is of no legal materiality except as it bears upon the liability of the Commonwealth for the 1975 sums claimed. As the plaintiffs have conceded, the Commonwealth is not a party in this case, nor could it have been made a party. The Commonwealth has not consented to be made a party to declaratory judgment proceedings under G. L. c. 231A. *Ward* v. *Comptroller of the Commonwealth,* 345 Mass. 183, 186 (1962). *Mitchell, supra* at 489. There is no actual controversy between the parties which would be resolved by a declaratory judgment. Declaratory relief is, therefore, inappropriate. G. L. c. 231A, § 3. *Second Church in Dorchester* v. *Boston,* 343 Mass. 477, 480 (1962).

---

[3] We point out that the plaintiffs here arguably had other remedies. See, e.g., G. L. c. 58, § 14, and G. L. c. 58A, § 13; and G. L. c. 258, § 1, as it existed at the time the plaintiffs' cause of action arose. As to G. L. c. 258, § 1, see *Springfield* v. *Commonwealth,* 349 Mass. 267 (1965). (Statute 1978, c. 512, amending G. L. c. 258, is applicable to all causes of action arising on or after August 16, 1977.)

A final judgment is to be entered in the Superior Court dismissing each complaint.

*So ordered.*