BOARD OF SELECTMEN OF HULL & others *vs.* COUNTY COMMISSIONERS OF PLYMOUTH & others. July 1, 1981. This action was brought in October, 1970, by the board of selectmen of Hull and twelve taxpayers of that town in an effort to obtain a declaration that Hull had been disproportionately assessed for county taxes through the use of the valuations established by St. 1963, c. 660, § 1, and to obtain restitution from the county of the "overcharge." The case was completely inactive (except for changes of appearance of counsel) from 1972 to 1979. It was heard in 1980 on a "stipulation of agreed facts." The stipulation indicated that the relief sought by the plaintiffs was limited to the fiscal years 1965 through 1970. (By St. 1974, c. 492, § 4, the Legislature had amended G. L. c. 35, § 31, so as to cause county taxes assessed for the fiscal years 1975 and thereafter to be assessed on the basis of the equalized valuations prepared biennially by the State Tax Commission, or, after St. 1978, c. 514, § 13, the Commissioner of Revenue.)

So far as appears from the record, Hull paid the county taxes assessed against it during each of the six years in issue without duress and without objection or protest. In these circumstances the claim for restitution is governed by the general principle that, in the absence of fraud or mistake of fact, one may not recover money paid under a claim of right unless the payment has been exacted under conditions amounting to duress. *Rosenfeld* v. *Boston Mut. Life Ins. Co.*, 222 Mass. 284, 289-290 (1915). *Carey* v. *Fitzpatrick*, 301 Mass. 525, 527-529 (1938). *Hinckley* v. *Barnstable*, 311 Mass. 600, 604 (1942). The general rule is applied in tax cases where no statute makes provision to the contrary. *Lee* v. *Templeton*, 13 Gray 476, 480 (1859). *Barrett* v. *Cambridge*, 10 Allen 48 (1865). *Bogigian* v. *Commissioner of Corps. & Taxn.*, 256 Mass. 142, 147 (1926). *Stoneman* v. *Boston*, 263 Mass. 255, 261 (1928). Contrast *Boston and Sandwich Glass Co.* v. *Boston*, 4 Met. 181, 187-189 (1842). See also Restatement of Restitution § 75, and Comment f (1937); 2 Palmer, Restitution, §§ 9.16-9.17 (1978); 3 Palmer, Restitution, §§ 14.19-14.20 (1978).

The case of *Brookline* v. *County Commrs. of Norfolk*, 367 Mass. 345 (1975), involved no claim for restitution, the county taxes at issue not having been paid.

As restitution is unavailable, all that remains is an abstract dispute as to the lawfulness of assessments made between 1965 and 1970 under the 1963 statute, which, as we have said, was repealed in 1974. The resolution of that dispute has no present bearing on the assessment and collection of county taxes. Declaratory relief is therefore inappropriate for the reasons stated in *Assessors of Edgartown* v. *Commissioner of Rev.*, 379 Mass. 841, 845 (1980), and *Mitchell* v. *Metropolitan Dist. Commn.*, 4 Mass. App. Ct. 484, 489 (1976). See also *Second Church in Dorchester* v. *Boston*, 343 Mass. 477, 479-480 (1962).

Because the action was correctly dismissed for the reasons stated above, we need not consider whether the selectmen of Hull had standing to bring this action in their own name or whether the action should have been brought in the name of the town. The record does not indicate that the town authorized the action. See G. L. c. 40, § 2. The judge correctly ruled that G. L. c. 40, § 53, does not authorize actions by ten (or more) taxpayers against the county or its officials.

*Judgment affirmed.*

The case was submitted on briefs.
*Alexander E. Finger* for the plaintiffs.
*Charles J. Hayes* for the defendants.