Board of Assessors of Provincetown *vs.* Commissioner of Revenue.

Barnstable. December 9, 1981. — February 23, 1982.

Present: Armstrong, Perretta, & Kass, JJ.

*Jurisdiction*, Appellate Tax Board. *Taxation*, Payment by Commonwealth in lieu of taxes.

A dispute between a municipality and the Commonwealth concerning the Commonwealth's obligation to make payments in lieu of taxes for a parcel of land located in the municipality was not a dispute subject in the first instance to the jurisdiction of the Appellate Tax Board under the provisions of G. L. c. 58, § 14. [226-227]

Under G. L. c. 58, §§ 13-17, the town of Provincetown was entitled to payments in lieu of taxes for a parcel of land which had been on the municipal tax rolls until 1953, when it was taken by the Department of Public Works and which was transferred in 1970 to the Division of Fisheries and Wildlife and used as a wildlife preserve. [227-229]

Civil action commenced in the Superior Court Department on November 5, 1980.

The case was heard by *Keating*, J., on motion for summary judgment.

*Lawrence O. Spaulding, Jr.*, for the plaintiff.

*Stephen S. Ostrach*, Assistant Attorney General, for the defendant.

Armstrong, J. Provincetown's board of assessors (board) brought this action to establish the town's right to receive payments in lieu of taxes under the provisions of G. L. c. 58, §§ 13-17, as in effect after St. 1978, c. 514, §§ 43-46, for a certain parcel of land located in the town and owned by the Commonwealth. The defendant (commissioner), based on her interpretation of § 15A, had determined in 1980 that the parcel was not eligible for inclusion in the listing furnished to the State Treasurer under § 16, the listing

constituting the basis for the Commonwealth's payments in lieu of taxes under § 17. A judge of the Superior Court, by declaratory judgment, sustained the commissioner's position. The case is before us on the board's appeal.

Section 13 lists the particular categories of land owned by the Commonwealth for which it will make payments to municipalities in lieu of taxes. The listing includes "all land . . . used for the purpose[ ] of a . . . game preserve." The parcel at issue in this case is administered by the Division of Fisheries and Wildlife as a game preserve. Section 15A excludes from the operation of § 13 "land owned by the commonwealth for any of the purposes named in [§ 13] which at the time of its acquisition by the commonwealth was exempt from local taxation." The parcel in question was in private ownership, and on the tax rolls, until 1953, when it was taken by eminent domain by the Department of Public Works for road building purposes. It was seemingly not used for that purpose, and on February 18, 1970, control of the parcel was transferred, by a document recorded in the Barnstable County registry of deeds, to the Division of Fisheries and Wildlife,[1] which uses it, as already mentioned, for wildlife preserve purposes. Lands controlled by the Department of Public Works are not among those listed in § 13; thus, the town was entitled to collect neither real estate taxes nor payments in lieu of taxes from 1953 until 1970. The town's right to the latter (on its interpretation of § 15A) began when the land became a game preserve, but the town seeks relief only prospectively. Contrast *Selectmen of Hull* v. *County Commrs. of Plymouth*, 12 Mass. App. Ct. 900 (1981).

The Commonwealth has urged, both here and below, that the Superior Court had no jurisdiction to entertain the complaint, first because G. L. c. 58, § 14, gives jurisdiction in the first instance to the Appellate Tax Board, and, sec-

---

[1] The document referred to the division as the Division of Fisheries and Game, which was the name of the Division of Fisheries and Wildlife prior to St. 1975, c. 706, § 111.

ond, because the ten-day period[2] fixed by § 14 for appealing to the Appellate Tax Board had expired. Section 13 required the Commissioner of Revenue to determine the fair cash value of lands eligible for payment in lieu of taxes, and § 14, as in effect prior to St. 1981, c. 506, required the commissioner to "notify the assessors of each town where the commonwealth owns . . . [such] land . . . of his determination of the value of such land in such town. A board of assessors aggrieved by a determination of the value of any land as valued under [§ 13] may make a written application for a correction thereof to the appellate tax board within ten days after the date of [the] notice . . . ." No notice of any kind was sent to the Provincetown assessors, because the commissioner took the position that no parcel in Provincetown was eligible for payment in lieu of taxes. We think that the judge was correct in ruling that the type of controversy committed by § 14 to the Appellate Tax Board is a controversy concerning the valuation of lands eligible for payments in lieu of taxes under §§ 13-17. Such controversies involve factual matters falling within the specialized competence of the Appellate Tax Board. The same may not be said of the purely legal dispute arising in this case as to the scope of the exclusion in § 15A. The words on which the commissioner relies, "all disputes arising thereunder," appearing in *Assessors of Salem* v. *State Tax Commn.*, 371 Mass. 410, 412 (1976), must be read to mean all disputes which are committed to the Appellate Tax Board by § 14, and the language of that section makes it clear that those are disputes as to the valuations that the Commissioner of Revenue has placed on land under § 13. No dispute of that type has arisen in this case.

On the substantive question the judge accepted the commissioner's formulation that § 15A excludes land which was exempt from local taxation "at the time of its acquisition by the Commonwealth for purposes enunciated in [§] 13." In

---

[2] Statute 1981, c. 506, has recently amended § 14 so as to give boards of assessors thirty days to file such appeals with the Appellate Tax Board.

that view, the key date was February, 1970, when the Division of Fisheries and Wildlife "acquired" the land for use as a game preserve. Prior to that time the land was exempt from local taxation because it was held by the Department of Public Works for a purpose not made eligible for payments in lieu of taxes under § 13. According to the commissioner's view, the purpose of § 15A is to reimburse a municipality only when the Commonwealth's use of land for a § 13 purpose causes the municipality to lose tax revenue, not when the land was exempt from local taxes prior to its being put to the § 13 use.

The trouble with that view is that § 15A does not speak of land exempt from taxation "at the time of its acquisition by the commonwealth for any of the purposes named in § 13." The statutory formulation is "land owned by the commonwealth for any of the purposes named in [§ 13] which at the time of its acquisition by the commonwealth was exempt from local taxation." The land in question was acquired by the Commonwealth in 1953, when it was subject to local taxation. The transfer of control from the Department of Public Works to the Division of Fisheries and Wildlife in 1970 was not an "acquisition by the Commonwealth." Neither agency is a body politic and corporate or a political subdivision of the Commonwealth. See *Mitchell* v. *Metropolitan Dist. Commn.*, 4 Mass. App. Ct. 484, 487-489 (1976). Contrast *Ward* v. *Comptroller of the Commonwealth*, 345 Mass. 183, 186-187 (1962). Compare *Executive Air Serv., Inc.* v. *Division of Fisheries & Game*, 342 Mass. 356, 357 (1961). It was the Commonwealth which owned the land both before and after 1970, and the only significance for present purposes of the transfer of control at that time is that it marked a change in the use of the land to one of the purposes named in § 13. Thus, § 15A does not exclude the land from eligibility for payments in lieu of taxes, because the land was not exempt from taxation when it was acquired by the Commonwealth in 1953.

We do not disagree with the commissioner's assertion that the purpose of § 15A is to preclude payments in lieu of taxes

where the municipality has not lost taxes; but Provincetown has lost taxes on the parcel in question since 1953. Nevertheless it was ineligible for the compensatory payment program until 1970, because it was only in that year that the parcel was put by the Commonwealth to one of the uses for which payments in lieu of taxes are required. If, prior to 1953, the land had been held by the municipality, for example, or by a charitable or private educational institution, § 15A would preclude payments in lieu of taxes regardless of the use to which the Commonwealth might from time to time put the land, because Provincetown would have lost nothing by the Commonwealth's acquisition. But here, where there has been a loss, the only seemingly arbitrary aspect is that the Commonwealth does not compensate in all such cases, but only some, depending on the use to which it puts the land. That limitation is inherent in the plain language of § 13, which is not challenged here.

The plaintiffs seek not only a declaration of rights but a mandatory judgment ordering the commissioner to determine the value of the land and to notify the assessors of that determination under the provision of §§ 13 and 14. There is no necessity shown for such an order, as it is not to be assumed that the commissioner will not carry out her duties under the statutes after the question of their applicability to the parcel in question has been judicially resolved. *Mayor of Gloucester* v. *City Clerk of Gloucester*, 327 Mass. 460, 464-465 (1951). *Boston Teachers Local 66* v. *Boston*, 382 Mass. 553, 562 (1981).

The judgment is reversed. The case is remanded to the Superior Court for the entry of a new judgment declaring that Provincetown is entitled under the provisions of G. L. c. 58, §§ 13-17, to receive payments in lieu of taxes from the Commonwealth for the parcel of land in question.

*So ordered.*