CHARLES J. WIER *vs.* COMMONWEALTH.

Suffolk.   October 16, 17, 1916. — December 2, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Assistant District Attorney.   Statute,* Amendment.   *Commonwealth.*

</div>

The amount of salary to be paid to the assistant district attorney for the Northern District under the provision of St. 1905, c. 157, § 2, Class C., that his salary "shall be equal to two thirds of the salary of the district attorney . . . to wit: . . . two thousand dollars," was not increased when § 1 of that statute was amended by St. 1910, c. 369, so that the salary of the district attorney was increased to $4,000, but § 2 was not mentioned.

PETITION, under R. L. c. 201, for additional·salary alleged to be due to the petitioner as assistant district attorney for the Northern District by reason of the amendment of St. 1905, c. 157, § 1, Class C., by St. 1910, c. 369.

The Commonwealth demurred.  The demurrer was heard by *Fox,* J., and was sustained.  The judge reported the case for determination by this court.

*E. C. Stone,* for the petitioner.

*H. W. Barnum,* Assistant Attorney General, for the Commonwealth.

CARROLL, J.   The petitioner was the assistant district attorney of the Northern District of the Commonwealth, from January, 1908, to January, 1914.  By St. 1905, c. 157, entitled, "An Act relative to the salaries of district attorneys and assistant district attorneys," in § 1 the annual salary of the district attorney was established at $3,000 and the Northern District grouped in Class C.  Section 2 provided "The annual salary of an assistant district attorney, except in the Suffolk district, shall be equal to two thirds of the salary of the district attorney, payable from the treasury of the Commonwealth, to wit: — . . . Class C.  The

northern district; salary: — two thousand dollars." By St. 1910, c. 369, entitled, "An Act relative to the salaries of the district attorneys in certain districts," § 1 of St. 1905, c. 157, was amended so that "Class C. as amended, will read as follows: — Class C. Districts (except the Suffolk district) having a population of five hundred thousand or more, to wit, the northern district; salary: — four thousand dollars."

The petitioner contends that by St. 1910, c. 369, his salary was increased, and from and after January, 1910, he was entitled to two thirds of $4,000, the salary of the district attorney as fixed by this statute. The petitioner has been paid in full for salary from January, 1910, to January, 1914, at the rate of $2,000 a year by monthly checks. He brings this petition under R. L. c. 201, to recover the sum of $2,666.66 as arrears of salary for four years from January 1, 1910. In the Superior Court the Commonwealth demurred to the petition. The demurrer was sustained and the case is before us on a report.

The petitioner's annual salary was established by St. 1905, c. 157, § 2. It was definitely stated to be $2,000 and the salary so fixed was not changed by St. 1910, c. 369. That statute makes no reference to the salaries of assistant district attorneys; it does not apply to them. As its title shows, it relates "to the salaries of the district attorneys in certain districts." It amends § 1, c. 157, of St. 1905, which governs the salaries of district attorneys; it contains no language indicating any intent to change § 2, c. 157, St. 1905, wherein the salary of the assistant district attorneys is fixed and the annual salary of the assistant district attorney of the northern district of the Commonwealth established at $2,000. The St. 1905, c. 157, determined the salaries of both district attorneys and assistant district attorneys; the St. 1910, c. 369, related solely to the salary of the district attorney in Class C. The demurrer was properly sustained. Let the entry be

*Demurrer sustained.*
*Petition dismissed.*