THOMAS BROTHERS CORPORATION *vs.* COMMONWEALTH.

Suffolk.    January 9, 1963. — February 4, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Contract,* Building contract, Highway construction contract.

Under a highway construction contract specifying that backfill for roadway excavation "shall consist of selected clean sandy material of a gravelly nature or of rock or boulders" and defining "ordinary borrow" and "gravel borrow," it was not required that material used for backfill should be "gravel borrow" as so defined, and evidence that borrow supplied by the contractor for backfill was "tested and approved gravel" did not show that such borrow was "gravel borrow" nor entitle him to be paid therefor at the unit price for "gravel borrow" rather than at a lower unit price for "ordinary borrow."  [385–386]

Provisions of a highway construction contract for payment at the unit price for "gravel borrow" for gravel supplied for certain special uses other than roadway backfill were without significance with respect to the unit price to be paid for gravel supplied for roadway backfill.  [386–387]

In the specifications of a highway construction contract containing definitions of "gravel borrow" and other kinds of borrow including a definition that "ordinary borrow shall consist of a material satisfactory to the engineer and not specified as gravel borrow, sand borrow, or other particular kind of borrow," the clause "not specified as gravel borrow" meant material not within the definition of "gravel borrow."  [387]

PETITION filed in the Superior Court on July 3, 1959.

The case was heard by *Thompson, J.*

*I. Henry Stern* for the petitioner.

*Edward J. McCormack, Jr.,* Attorney General, *& William D. Quigley,* Assistant Attorney General, for the Commonwealth, submitted a brief.

WHITTEMORE, J. This is a petition under G. L. c. 258 to recover $30,266.70, as a balance due for 201,778 cubic yards of gravel backfill furnished under a contract for highway construction. The judge in the Superior Court found for the respondent and denied a request to rule that such a finding was not warranted. The petitioner duly excepted. There was no error.

The Commonwealth has paid for the gravel as "ordinary borrow" at the unit price of fifty cents a cubic yard. The petitioner contends that it should be paid for as "gravel borrow" at sixty-five cents a cubic yard.

The specifications next set out are relevant. "Section A–2 Roadway Excavation . . . A2.33 Peat . . . shall be excavated to such widths and depths as the engineer may direct. Backfilling where peat is removed shall consist of selected clean sandy material of a gravelly nature or of rock or boulders obtained from the excavation or from borrow." "Section A–6 Borrow Description A.610 . . . When, in the opinion of the engineer, there is not sufficient suitable material available either from excavation within the slope lines . . . or within the limits of the highway location to form the necessary . . . backfill, the contractor shall obtain such additional material as may be necessary from outside of the highway location. A6.11 Classification. This material shall be classed as ordinary borrow, gravel borrow, sand borrow, etc., and shall be of a quality satisfactory to the engineer and as hereinafter specified. Materials A6.20 . . . Ordinary borrow shall consist of a material satisfactory to the engineer and not specified as gravel borrow, sand borrow, or other particular kind of borrow. This material shall contain no stones over 8 inches in their largest diameter. . . . A6.21 . . . Gravel borrow shall consist of hard, durable stone and coarse sand practically free from loam

and clay, uniformly graded and containing no stone having
any dimension greater than 6 inches. . . . The grading
shall conform to the following requirements: passing ⅜"
sieve 70% max.; #10 sieve 50% max.; #200 sieve 5%
max."

Sections A6.22 through A6.25 state definitions for sand
borrow, loam borrow, loam or clay hardening, and peat
borrow.

The evidence showed that the material used for backfill
was "tested and approved gravel . . . all of which was bor-
row, i.e., obtained from outside of the highway location."

We assume that the Commonwealth must pay for gravel
borrow if such was required by the engineer or, with his
knowledge and approval, and without a caveat by him, was
supplied by the contractor in the belief that the contract
required it. The engineer is not shown to have made such
a requirement or to have had such knowledge. We do not
construe § A2.33 to specify that gravel borrow must be
used as backfill. If the backfill is not rock or boulders, it
need be only "clean sandy material of a gravelly nature."
Plainly such material would not necessarily meet the speci-
fications for gravel borrow. Hence, proof that the gravel
supplied was tested and approved does not entitle the peti-
tioner to be paid for gravel borrow. We may not infer that
the testing and approval were more than was required for
material to be used for backfill. There is no evidence that
the gravel supplied in fact met the tests for gravel borrow.
In view of the precise definition of gravel borrow in § A6.21,
it is not enough to show that tested gravel was supplied and
that it was borrow.

There is no provision that gravel (of whatever test) will
be paid for at the unit price for gravel borrow. The peti-
tioner relies on a provision which appears in § D-2, the
title of which is "Leaching Basins." Subsection D2.41,
"Basis of Payment," includes the provision that gravel
used for backfilling will be paid for at the contract unit
price per cubic yard under the item for gravel borrow. The
petitioner also refers to § G-1 ("Concrete Sidewalks") and
subsection G1.41 which provides that "[g]ravel, cinders, or

slag will be paid for at the contract unit price per cubic yard under Item A6–2, Gravel Borrow.'' We think that there is no implication in these sections (which deal with gravel supplied for special uses) that gravel supplied as backfill in connection with roadway excavation will be paid for as ''gravel borrow.''

On the evidence, the borrow supplied fits the definition of ''ordinary borrow'' in § A6.20. It was ''material satisfactory to the engineer and not specified as gravel borrow, sand borrow, or other particular kind of borrow.'' We think the clause ''not specified as gravel borrow'' means ''not within the specifications herein stated for gravel borrow.''

*Exceptions overruled.*