DANIEL J. O'CONNOR vs. DEPUTY COMMISSIONER AND
COMPTROLLER OF THE COMMONWEALTH.

Suffolk.   February 4, 1965. — February 25, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Mandamus. Commonwealth, Claim against Commonwealth, Financial matters, Payment of accounts. Comptroller.*

Mandamus did not lie to compel the Comptroller of the Commonwealth to
    certify for payment a claim against the Commonwealth whose merits
    properly were determinable in a proceeding under G. L. c. 258.   [569–
    570]
The Comptroller of the Commonwealth has no power under G. L. c. 7,
    § 13; c. 29, § 18, to direct the withholding of payment of a claim presented against the Commonwealth.   [571]

PETITION filed in the Superior Court on April 3, 1964.
The case was heard by *Paquet, J.*

*George K. Black,* Special Assistant Attorney General,
for the respondent.

No argument or brief for the petitioner.

SPIEGEL, J.   The petitioner, a retired Deputy Commissioner of Banks, seeks a writ of mandamus to compel the
respondent to certify that the petitioner is entitled to receive $1,218.01 for "vacation allowance" pursuant to Rule
LV–8 of the "Rules and Regulations Governing Vacation
Leave," which are authorized by G. L. c. 7, § 28, as amended
through St. 1963, c. 352.   The respondent appealed from
the order of the trial judge that a writ of mandamus issue.
The evidence is reported.

We note at the outset that "[i]t is an elementary principle that mandamus will not lie where there is available
another and effective remedy." *Madden* v. *Secretary of
the Commonwealth,* 337 Mass. 758, 761. *Pioneer Steel
Erectors, Inc.* v. *Commonwealth,* 344 Mass. 195, 200.
*Cleary* v. *Licensing Commn. of Cambridge,* 345 Mass. 257,
260.   The petitioner's underlying claim is governed by

G. L. c. 258, § 1.   See *McCarthy* v. *Commonwealth,* 204 Mass. 482; *Wier* v. *Commonwealth,* 225 Mass. 309.   Cf. *Thomas Bros. Corp.* v. *Commonwealth,* 345 Mass. 384.   The requirement of G. L. c. 7, § 13, and c. 29, § 18, as amended, that certain demands against the Commonwealth for the payment of money shall be certified by the Comptroller before being paid, "does not have the effect of enabling a party to try out the merits of an action at law in a petition for a writ of mandamus." *Daly* v. *Mayor of Medford,* 241 Mass. 336, 340.   Even if the respondent's duty in this connection is "purely ministerial," his refusal to perform it "does not affect the legal liability of the . . . [Commonwealth] on a claim [which might be] otherwise fully established." *Daly* v. *Mayor of Medford, supra. Seney* v. *Board, of Health of Northampton,* 314 Mass. 272, 275.   Cf. *Ward* v. *Comptroller of the Commonwealth,* 345 Mass. 183, 185.   We conclude that the merits of this case cannot properly be determined in this form of proceeding.

Nevertheless, we think it appropriate to make the following observations:[1]   The petitioner's right to receive a "vacation allowance" depends on whether, prior to May 29, 1963, he was included within the definition of "officers of the Commonwealth" as used in Rule G–5 of the "Rules and Regulations Governing Vacation Leave," authorized by G. L. c. 7, § 28, as amended.   That rule excludes "officers of the Commonwealth" from the "Rules and Regulations Governing Vacation Leave," thus excluding them from a right to receive "vacation allowance" pursuant to Rule LV–8.   According to Rule G–6, "[T]he words '[o]fficers of the Commonwealth' . . . shall mean a person who is in charge of or, in fact, the head of a department, division, commission or committee established by statute or who is in fact the appointing authority of such state agency, whose appointment must have Governor and Council approval, and is for a term, certain in duration, or the person approved by the Governor and Council to replace such head

---

[1] See *Sisters of the Holy Cross of Massachusetts* v. *Brookline,* 347 Mass. 486, 492.

of department, in his absence.'' We do not here state whether, in our view, the petitioner was within this definition, since we would prefer clearer evidence than is now before us on this record from which to make such a determination.

We do observe, however, that the powers of the Comptroller are plainly set forth in G. L. c. 7, § 13 (as amended), which provides that ''The comptroller shall examine all accounts and demands against the commonwealth . . . [with exceptions here immaterial]. He may require affidavits . . . . The comptroller shall make a certificate specifying the amount due and allowed on each account or demand so examined, the name of the person to whom such amount is payable, and the account to which it is chargeable; and *if it appears to him that there are improper charges in said accounts or demands he shall report the same to the governor and. council, with a separate certificate therefor.* He shall keep copies of all such certificates and transmit the originals to the governor, who, with the advice and consent of the council, may issue his warrant to the state treasurer for the amount therein specified as due'' (emphasis supplied). Regarding this section in *Ward* v. *Comptroller of the Commonwealth,* 345 Mass. 183, 186, we said: ''It is clear that the Comptroller himself has no authority to direct the withholding of payments. If he thinks that some charge is improper, it is then his function to report it to the Governor and Council.'' The statute is thus free from ambiguity, and our examination of the record reveals no defensible reason for the respondent's failure to comply with its provisions.

*Order reversed.*
*Petition dismissed.*