DEPARTMENT OF PUBLIC WELFARE *vs.* TOWN OF BILLERICA.

Suffolk.    October 27, 1965. — January 4, 1966.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Public Welfare.  Mandamus.  Municipal Corporations,* Judicial power over municipality.  *Practice, Civil,* Parties.

The Department of Public Welfare was entitled to maintain a mandamus proceeding against a town to secure compliance with a decision of the department under G. L. c. 118D, from which no review under c. 30A had been seasonably sought, ordering accrued and continuing payments of assistance by the town to a designated person, but the members of the town's board of public welfare should be joined as parties respondent to carry out the court's order.

PETITION for a writ of mandamus filed in the Superior Court on December 22, 1964.

The petitioner appealed from orders entered by *Gourdin,* J.

*David Berman,* Assistant Attorney General, for the petitioner, submitted a brief.

No argument or brief for the respondent.

CUTTER, J.    This petition for a writ of mandamus against the town (see G. L. c. 40, § 2;[1] see also c. 223, §§ 36, and 37, as amended through St. 1962, c. 750, § 71), alleges that, after notice and hearing, the department by decision (a copy of which was attached to the petition) has ordered the town to provide assistance under G. L. c. 118D to one John Hart; that the time for review of the decision under G. L. c. 30A has expired; and that no review has been sought.[2]

---

[1] Section 2 provides, "A town may in its corporate capacity sue and be sued by its name . . . ."

[2] Chapter 118D, inserted by St. 1951, c. 741, § 2, deals with assistance to disabled persons.  Section 9 governs appeals to the department from a town's failure to give adequate assistance, and provides, "Every decision of the department shall be . . . binding upon the local board involved and shall be complied with by such local board."  Section 16 states that the department "shall supervise the administration of this chapter" and that it may take such action as may be necessary or desirable for carrying out "its purposes."  No contention has been made that judicial review (under G. L. c. 30A, § 14, as amended through St. 1957, c. 193, § 1) of the department's decision was not available if seasonably sought by the town.

The department's decision required the town to grant "[d]isability [a]ssistance retroactive to October 7, 1963 . . . for hospitalization . . . [from] October 7 to October 22, 1963, and . . . for nursing home care beginning October 22, 1963," plus other sums amounting to $13.80 per month. Against the amounts to be paid by the town, Hart's social security receipts of $107.80 per month were to be a credit. The town (without waiving its demurrer and plea in abatement) admitted in an answer all the allegations of the petition. The trial judge sustained the demurrer and plea in abatement, each of which asserts that the proceeding should have been brought "against the individual members of the [town's] [b]oard of [p]ublic [w]elfare" rather than against the town. The department appealed.[3]

The department's decision thus ordered (in addition to the payment of sums already accrued and due) the continuing payment by the town of monthly amounts at stated rates. The sums to be paid were liquidated in amount, except that the period during which future payments would continue necessarily remained uncertain at the time of the decision of December 22, 1964, and, so far as the record shows, still remains uncertain. That decision, however, determined Hart's claim for assistance on the merits (cf. *O'Connor* v. *Deputy Commr. & Comptroller,* 348 Mass. 569, 570). Until altered (because of change of circumstances or otherwise, see e.g. G. L. c. 118D, § 6), the decision is final. The record suggests no reason why the town, through its board of public welfare, should not either have complied promptly with that decision or have sought review under G. L. c. 30A. Cf. *Natick* v. *Massachusetts Dept. of Pub. Welfare,* 341 Mass. 618, 619.

Because of the continuing nature of the payments, and the absence of any other adequate direct remedy available to the department, charged as it was with supervising the administration of c. 118D (see fn. 2), mandamus is appro-

---

[3] We have been afforded no assistance by way of brief or argument from the town or its counsel.

priate to afford complete, effective, simple, and expeditious relief. The department should not be relegated to indirect enforcement of its decision by attempting to cause a series of actions at law against the town to be brought by the relief recipient. See *Police Commr. of Boston* v. *Boston,* 279 Mass. 577, 583. Cf. *County Commrs. of Essex* v. *Mayor of Newburyport,* 252 Mass. 407, 410–411; *Seney* v. *Board of Health of Northampton,* 314 Mass. 272, 274–277.

Writs of mandamus have been ordered to issue in cases in which a municipal corporation and its responsible officers have been parties. See *Attorney Gen.* v. *Boston,* 123 Mass. 460, 471–472; *Aspinwall* v. *Boston,* 191 Mass. 441, 448; *Police Commr. of Boston* v. *Boston,* 239 Mass. 401, 407–410. See also *Commonwealth* v. *Hudson,* 315 Mass. 335, 338, 343–349 (bill in equity). Cf. *Streeter* v. *Worcester,* 177 Mass. 29. In appropriate cases elsewhere, mandamus also has been used to enforce the payment of judgments upon which towns and other municipal corporations were liable. See e.g. *People ex rel. Wanless* v. *Chicago,* 378 Ill. 453, 458–460. See also *Commissioners of Santa Fe County* v. *Coler,* 215 U. S. 296, 303 et seq. (individual officers also parties); McQuillin, Municipal Corporations (3d ed.) §§ 51.35–51.37. Cf. *Laycock* v. *Hidalgo County Water Control & Improvement Dist. No. 12,* 142 F. 2d 789, 791 (5th Cir.). Such authorities are consistent with proceeding to enforce the department's decision directly against the town. The town, of course, is an appropriate party, for it is the town which will be financially affected by enforcement of the decision.

The department's order, of which no review has been sought, establishes the scope of the relief to be paid. The usual method of carrying out that decision, however, would be for the local board of public welfare (once it had been decided not to seek review of the decision) to take promptly the steps which would lead to actual payment. To bring about such action the members of the board should be joined as parties, so that the order of the court can run not only against the town but personally against them.

Accordingly the board of public welfare should be joined as parties respondent. Since the town, the real party in interest, has already admitted by its answer the allegations of the petition, the board members appropriately should raise by their answer only such issues of fact as may exist relating to their duty to act in the premises.

To permit the foregoing action thus outlined the orders sustaining the plea in abatement and the demurrer are reversed. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*