CITY OF BOSTON & another vs. LABOR RELATIONS
COMMISSION.

Suffolk.   December 16, 1982. — January 13, 1983.

Present: GRANT, CUTTER, & WARNER, JJ.

*Labor*, Unfair labor practice, Collective bargaining contract, Attorney's
fees.  *Labor Relations Commission.  Damages*, Attorney's fees.

In proceedings before the Labor Relations Commission, substantial evi-
dence supported the commission's findings that there were unreasonable
delays by the city of Boston and Suffolk County in executing certain
collective bargaining agreements.  [123]

In the circumstances the county of Suffolk was not prejudiced by any ir-
regularity in including within the scope of proceedings before the
Labor Relations Commission the question of the county's delay in exe-
cuting a collective bargaining agreement which had not been approved
by the union or submitted to the county in form for execution until
after the union had commenced the proceedings before the commis-
sion.  [123-124]

The power to fashion remedies granted to the Labor Relations Commission
by G. L. c. 150E, § 11, did not include the authority, in proceedings
brought by a union against the city of Boston and the county of Suffolk,
to order the city and the county to pay the union's attorney's fees and
expenses.  [124-126]

On appeal to the Superior Court from a decision of the Labor Relations
Commission, in proceedings brought by a union against the city of
Boston and the county of Suffolk, the judge erred in ordering the city
and the county to pay the commission's attorney's fees and expenses in
the Superior Court.  [126]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 15, 1981.

The case was heard by *Linscott, J.*

The case was submitted on briefs.

*James B. Cox*, Special Assistant Corporation Counsel, for
the plaintiff.

*Alan H. Shapiro* for the defendant.

*David B. Rome* for the intervener.

GRANT, J.   The city of Boston and the county of Suffolk sought review in the Superior Court (G. L. c. 150E, § 11, as in effect prior to St. 1981, c. 351, §§ 243-245) of a decision of the Labor Relations Commission (commission) by which it (i) determined that the city and county had committed practices prohibited by G. L. c. 150E, § 10(a)(1) and (5), and (ii) ordered the city and the county (among other things) to pay the attorney's fees and expenses of the union which had represented four different bargaining units of public employees in the investigation, preparation and presentation of the charges which were heard by the commission.  A judge of the Superior Court entered three different judgments by which he, in effect, affirmed the decision of the commission in its entirety and purported to award the commission its attorney's fees and expenses in connection with the court proceedings.  The city and the county appealed to this court.[1]

1. The prohibited practices consisted of what the commission found were unreasonable delays in the city's and the county's executing four separate collective bargaining agreements which had been negotiated between the parties thereto, typed up and signed by the union, and submitted to the city and county for the signatures contemplated by the agreements.  The city and county argue that there was no substantial evidence to support the commission's findings of unreasonable delay.  The argument overlooks the testimony of the supervisor of labor relations for the city and the county that the city's corporation counsel "checked all the contracts for an exorbitant amount of time" and that he (the supervisor) "had a very difficult time getting even through to him."

2. The county contends that the commission erred in including within the scope of the proceedings the question of the county's alleged delay in executing a collective bargain-

---

[1] Although the only notice of appeal was filed in the name of the city, it and the county of Suffolk may be considered as the same entity for the purposes of this case.  See *County of Suffolk* v. *Labor Relations Commn.*, post 127, 128 n.2 (1983).

ing agreement with employees in the registry of deeds for Suffolk County[2] which was not even approved by the union or submitted to the county in form for execution until after the union had already filed all four of its complaints. The short answer to this contention is that the county does not claim (nor does it appear) that any prejudice resulted to it from any irregularity that may have occurred in the circumstances. See G., L. c. 30A, § 14(7)(*d*); *Southern Worcester County Regional Vocational Sch. Dist.* v. *Labor Relations Commn.*, 12 Mass. App. Ct. 189, 191-192 (1981), modified in other respects, 386 Mass. 414 (1982).

3. The city and county also complain of the commission's order that they pay the union's attorney's fees and expenses in connection with the latter's investigation, preparation and presentation of the charges heard by the commission. The commission relies on the power to contrive remedies which has been granted to it under the first two sentences of the concluding paragraph of G. L. c. 150E, § 11, inserted by St. 1973, c. 1078, § 2,[3] and points to cases decided under § 10(c) of the National Labor Relations Act (29 U.S.C. § 160 [c][1976 ed.]) in which various Federal courts have upheld the power of the National Labor Relations Board to assess a union's attorney's fees and expenses to a private employer. See, e.g., *Food Store Employees Local 347* v. *NLRB*, 476 F.2d 546, 550 (D.C. Cir.), cert. denied sub nom. *Heck's Inc.* v. *Food Store Employees Local 347*, 414 U.S. 1069 (1973); *International Union of Elec., Radio & Mach. Wkrs.*

[2] This was the same agreement as that considered in *County of Suffolk* v. *Labor Relations Commn., supra* at 129.

[3] "If, upon all the testimony, the commission determines that a prohibited practice has been committed, it shall state its findings of fact and shall issue and cause to be served on the party committing the prohibited practice an order requiring it or him to cease and desist from such prohibited practice, and shall take such further affirmative action as will comply with the provisions of this section, including but not limited to the withdrawal of certification of an employee organization established by or assisted in its establishment by any such prohibited practice. It shall order the reinstatement with or without back pay of an employee discharged or discriminated against in violation of the first paragraph of this section."

v. *NLRB*, 502 F.2d 349, 351-355 (D.C. Cir. 1973), cert. denied, 417 U.S. 921 (1974), and sub nom. *Tiidee Prod., Inc.* v. *NLRB*, 421 U.S. 991 (1975); *J.P. Stevens & Co.* v. *NLRB*, 623 F.2d 322, 328-329 (4th Cir. 1980), cert. denied, 449 U.S. 1077 (1981). The commission also points to instances in which both our appellate courts have looked to Federal cases interpreting the National Labor Relations Act in the course of construing various of the provisions of G. L. c. 150E, including § 11 thereof. See, e.g., *Massachusetts Bd. of Regional Community Colleges* v. *Labor Relations Commn.*, 377 Mass. 847, 851 (1979); *Southern Worcester Regional Vocational Sch. Dist.* v. *Labor Relations Commn.*, 386 Mass. 414, 424 n.11 (1982); *Labor Relations Commn.* v. *Everett*, 7 Mass. App. Ct. 826, 829-831 (1979).

The difficulty with all the commission's contentions is that the Supreme Judicial Court has recently construed the language of G. L. c. 151B, § 5 (as amended through St. 1969, c. 751, §§ 10-12),[4] which is virtually identical to that of G. L. c. 150E, § 11, as not authorizing the Massachusetts Commission Against Discrimination (MCAD) to assess to an employer the attorney's fees and expenses incurred by an employee who complains to the MCAD of unlawful discrimination. *Bournewood Hosp., Inc.* v. *Massachusetts Commn. Against Discrimination*, 371 Mass. 303, 307-313 (1976). The reasoning appears to have been that if the Legislature had intended to depart from the long standing practice of not allowing attorney's fees except in the traditional and narrowly circumscribed instances which are listed on pages 311-312 of the court's opinion, it would have said so on the face of G. L. c. 151B, § 5.[5]

---

[4] "If, upon all the evidence at the hearing the commission shall find that a respondent has engaged in any unlawful practice as defined in [G. L. c. 151B, § 4] . . . the commission shall state its findings of fact and shall issue and cause to be served on such respondent an order requiring such respondent to cease and desist from such unlawful practice . . . and to take such affirmative action, including but not limited to hiring, reinstatement or upgrading of employees, with or without back pay, . . . as, in the judgment of the commission, will effectuate the purposes of this chapter . . . ."

[5] We note that the decision in the *Bournewood* case was followed without question in *Massachusetts Elec. Co.* v. *Massachusetts Commn. Against Discrimination*, 375 Mass. 160, 179 (1978).

On a parity of reasoning, and in the absence of further guidance from the Supreme Judicial Court, we must conclude that the Labor Relations Commission was not authorized to order the city or the county to pay the union's attorney's fees or other expenses in the circumstances of this case.

4. There was absolutely no warrant for the judge's ordering the city or the county to pay the commission's attorney's fees and expenses in the Superior Court. *Bournewood Hosp., Inc.* v. *Massachusetts Commn. Against Discrimination*, 371 Mass. at 311-312.

All three judgments of the Superior Court are reversed; a single new judgment is to be entered which modifies the commission's decision by striking out par. 2(a) of its orders and affirms the decision as so modified; costs of appeal are not to be awarded to any party.

*So ordered.*