From 1989 to 1993, the defendants, William B. Flynn and Gail Flynn, who are husband and wife, owned property known as “Daljarrock,” East Road, St. *882 George’s Hill, Weyerbridge, Surrey, England. On January 12, 1993, Cookson America Inc. Corporation (Cookson America), an English corporation that is apparently an affiliate of the plaintiff, Cookson Group pic, entered into a lease agreement to rent the property as a residence for Stephen Howard, an employee of the plaintiff, and Stephen’s wife, Holly Howard, for 4,000 pounds per month. The rent was to be paid quarterly to the Flynns’ agent.
In September, 1993, Holly Howard, thinking she was late with the third quarter rent payment (due July 12), telephoned William Flynn. He advised her to deposit the rent in the Flynns’ bank account, which she did. She subsequently discovered that Cookson America had already paid the July rent. On October 12, 1993, the plaintiff made the fourth quarter rental payment. Three days later the Howards purchased the Flynns’ property. The Flynns refused to return Holly Howard’s July overpayment or the plaintiff’s October overpayment. The plaintiff reimbursed Holly Howard and the Howards assigned their rights to the plaintiff.
The plaintiff subsequently filed this action in the Quincy District Court seeking reimbursement under common law theories of “money paid by mistake” and conversion. (The Flynns had “returned” to the United States before the period at issue here and lived in Cohasset at the time this action was filed.) The Flynns answered, denying liability and asserting several affirmative defenses, including as relevant here, “claim of right” and merger by deed. The parties filed cross motions for summary judgment. Construing the plaintiff’s claim as one for “money had and received,” see Stone & Webster Engr. Corp. v. First Natl. Bank & Trust Co., 345 Mass. 1, 4 (1962), a District Court judge allowed the plaintiff’s motion and ordered the Flynns to pay the plaintiff $41,544, the equivalent in American dollars of the 24,000 English pounds by which the Flynns had been unjustly enriched. The Flynns appealed to the Appellate Division, which decided “there was no prejudicial error” and dismissed the appeal.
On appeal to this court, the Flynns argue, as they did below, that “[t]he [plaintiff’s] claim to a refund of the rental payments is barred by the doctrine of ‘claim of right,’ ” relying on the Restatement of Restitution § 45 and comment a, at 184 (1937), as well as related cases. The doctrine of claim of right, as set forth in the Restatement, provides that “a person who, induced thereto solely by mistake of law, has conferred a benefit upon another to satisfy in whole or in part an honest claim of the other to the performance given, is not entitled to restitution.” Restatement of Restitution § 45. The Flynns also rely on Forbes v. Appleton, 5 Cush. 115, 117-118 (1849) (“where a person with full knowledge of all the circumstances, pays money voluntarily, under a claim of right he shall not afterwards recover back the money so paid”), and subsequent cases. See, e.g., Rosenfeld v. Boston Mut. Life Ins. Co., 222 Mass. 284, 289 (1915). As the District Court correctly concluded, this doctrine does not apply to the transactions at issue here.
Wherever the burden of proof lies in this case, there was no error in the District Court’s finding that “[t]he Flynns’ Claim of Right defense [regarding Holly Howard’s payment in September] fails because [Holly Howard’s September] overpayment was made without full knowledge of . . . [the fact that the rent had already been paid]. . . . [Therefore the Flynns’ [sic] were unjustly enriched.”
As we have described elsewhere, *883 “[A] party [moving for summary judgment] bears the burden of affirmatively demonstrating the absence of a triable issue ‘and [further,] that the moving party is entitled to judgment as a matter of law.’ Peder-son v. Time, Inc., 404 Mass. 14, 16-17 (1989). . ... ‘If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.’ [Id.] at 17. ‘[W]hen a motion for summary judgment is made and properly supported, the non-moving party may not simply rest on pleadings, “but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” ’ Correllas v. Viveiros, 410 Mass. 314, 317 (1991), quoting from Mass.R.Civ.P. 56(e), 365 Mass. 824 (1974). . . . [M]ere assertions of the existence of disputed facts without evidentiary support cannot defeat the summary judgment motion. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).”
Bergendahl v. Massachusetts Elec. Co., 45 Mass. App. Ct. 715, 718-719 (1998), cert, denied, 528 U.S. 929 (1999).
There was no dispute that both Holly Howard and the plaintiff made the third quarter rent payment. The plaintiff demonstrated that it was entitled to return of the duplicate third quarter rent payment because Holly Howard did not have full knowledge of all the circumstances and was laboring under a mistake of fact. First, there is William Flynn’s admission that he advised Holly Howard to deposit the rent payment she thought she owed directly into the Flynns’ bank account. If William Flynn had known that the rent had already been paid, the claim of right defense would not apply for reasons of fraud. See Selectmen of Hull v. County Commrs. of Plymouth, 12 Mass. App. Ct. 900, 900 (1981). Putting the best face on Flynn’s advice, the fact that he was also unaware three months later that the plaintiff had already made the July rent payment supports the plaintiff’s position that Holly Howard was equally ignorant. Even were we to accept the Flynns’ argument that they received the duplicate rent payments as “honest transferees,” under Restatement § 45 comment a (other rent payments had been sent to their agent), that would not establish that Holly Howard’s payment of the July rent was made under a claim of right with full knowledge of all the circumstances. Indeed the Flynns acknowledge that the reason for Holly Howard’s excess rental payment is “[un]clear” and “inexplicable.” Contrast Gold Brand Confectionery, Inc. v. Dimick, 276 Mass. 386, 389 (1931) (“Intentional overpayment could be found to be so uncommon that the jury, on the basis of human experience, could infer from the fact of overpayment that the plaintiff was acting under a mistake as to the amount due”).
Moreover, although not discussed in either brief, there is evidence in the record that both Holly Howard and the plaintiff made rent payments for the second quarter on April 12,1993. At that time, the agent returned the plaintiff’s payment to it and apparently kept Holly Howard’s payment. Thus Holly Howard would not have known that her April 12 payment was also a duplicate. Compare Restatement of Restitution § 59, at 232 (“A person who has conferred a benefit upon another by mistake is not precluded from maintaining an action for restitution by the fact that the mistake was due to his lack of care”).
Richard A. Henderson for the defendants.
Maria J.R. Goncalves for the plaintiff.
The Flynns on the other hand failed to satisfy their burden in opposing the plaintiff s summary judgment motion under the standards set out above. See Bergendahl v. Massachusetts Elec. Co., supra at 719. Although they insist that Holly Howard acted with full knowledge of all the facts, they have set forth no specific facts or references to the summary judgment record to support that assertion. Id. at 718.
As to the plaintiff’s payment of the rent on October 12, the Flynns argue that the plaintiff had full knowledge of the impending sale. However, they again fail to cite any evidence to support their argument. There is no dispute that the negotiations concerning the sale of property extended over a period of time considerably longer than the parties had anticipated. Even William Flynn observed that “it was uncertain that the Howards would be able to consummate the transaction.”
In support of their alternative affirmative defense of merger by deed, the Flynns claim that all parties were present with counsel at the sale on October 15, 1993. There is apparently no dispute about that fact. However, the plaintiff was not a party to the sale, and there is no evidence that it was present. The Flynns present no evidence or legal argument that the Howards’ presence was sufficient to establish the merger by deed defense. For that reason, that defense is also not available to the Flynns.
The plaintiff’s common law action for money had and received “will lie. . . . [T]he [Flynns have] received money . . . which in equity and good conscience belongs to the plaintiff.” General Exchange Ins. Corp. v. Driscoll, 315 Mass. 360, 365 (1944). To the extent that the Flynns argue that Holly Howard’s “error in judgment, even if it rose to the level of mistake of fact[, cannot] be imputed to the [plaintiff],” it is enough to say that the Flynns did not make this argument below. See Trustees of the Stigmatine Fathers, Inc. v. Secretary of Admin. & Fin., 369 Mass. 562, 565 (1976). In view of our conclusion, we need not address the conversion claim.

Order of the Appellate Division dismissing appeal affirmed.