Greco, J.
This is a Dist/Mun. Cts. R A D. A, Rule 8A appeal by the plaintiff (“Knight”) of the allowance of summary judgment in favor of defendant CNA Insurance Company (“CNA”). Knight sought to recover Personal Injury Protection (“PEP”) benefits for chiropractic services he rendered to a person who was allegedly a passenger in a motor vehicle insured by CNA CNA moved for summary judgment on the principal ground that Knight was precluded from recover *4 ing PIP payments because the passenger failed to cooperate with CNA’s request that he submit to an examination under oath as required by the motor vehicle insurance policy issued by CNA
The materials submitted by CNA in support of its summary judgment motion indicate that Tam Huy Nguyen (“Nguyen”) filed a claim indicating that he was injured in an automobile accident on December 23,1997 while he was a passenger in a vehicle insured by CNA Nguyen was thereafter treated by Knight who, on February 5, 1998, filed a claim with CNA for G.L.c. 90, §34M PIP payments. In March of 1998, Nguyen complied with CNA’s request that he undergo an independent medical examination. In August of 1998, CNA’s attorney notified Nguyen that he was to appear at the attorney’s office in Quincy on September 17,1998 at 10:00 a.m. for an examination under oath. Nguyen appeared on September 17th as directed. Nguyen’s brother, who was CNA’s insured and the driver of the automobile involved in the accident, also appeared for a scheduled examination on September 17th. Although there is no indication that either Nguyen or his brother was late, the examination did not begin until 10:40 a.m. After numerous introductory questions by CNA’s attorney, all of which Nguyen answered, the following exchange took place:
Q. Your brother indicates that he is going to leave here at 11:00 AM. today to go to his job at Digital and you have to go with him because you don’t have a ride, is that your understanding?
A Yes, he told me that
CNA’s attorney then informed Nguyen that his brother would not be examined that day because he intended to hire a new lawyer. Although Nguyen was not seeking new counsel, the attorney told Nguyen that because he wanted to have Nguyen’s and his brother’s statements taken at the same time, he was suspending Nguyen’s examination and that it would be rescheduled along with his brother’s to a future date. At this point, the following exchange occurred:
Q. [This examination is] not considered over with ... [Y]ou have not fulfilled your contractual obligations by simply answering a few questions this morning. At that point we will schedule the two examinations. Since you tell me — you don’t have a car right? Do you have a car?
A Yes.
Q. You have a car. I thought you said on the phone last night you didn’t have a car.
A My father car I can drive it.
Q. Regardless, when we schedule these examinations under oath it’s going to be — both of you are going to be done at the same time on the same day. It’s better to do it that way. So we are going to consider today’s examination under oath to be suspended.
Before adjourning the examination at 10:50 a.m., CNA’s attorney ascertained what documents Nguyen had brought with him pursuant to CNA’s request Nguyen had brought his driver’s license, and indicated that he did not have some of the other requested documents. Without determining what documents, if any, he did have, the attorney reiterated his request for medical records and documents other than vehicle maintenance records and asked that any such records be sent to him in advance of the next examination. That examination was subsequently rescheduled for October 26,1998, at which time Nguyen did not appear.
The sole ground for CNA’s motion for summary judgment is that Nguyen failed *5 to cooperate with CNA’s directive to participate in an examination under oath in breach of insurance contract requirements. As the Mass. R. Civ. R, Rule 56, moving party, CNA had the burden of affirmatively demonstrating that there was no genuine issue of material fact as to Nguyen’s alleged noncooperation and that CNA was thus entitled to a judgment in its favor on Knight’s PIP claim as a matter of law.[1] See generally, Doe v. Liberty Mut. Ins. Co., 423 Mass. 366, 368 (1996); Cookson Group plc v. Flynn, 52 Mass. App. Ct. 909, 911 (2001). While it submitted other materials in support of its motion, CNA essentially sought to satisfy its Rule 56 burden on the basis of the transcript of the September 17th proceeding in its attorney’s office (quoted, in part, above), along with the affidavit of that attorney. The attorney averred that Nguyen did not produce the documents for the September 17th examination, that Nguyen “refused to stay [at the examination] past 11:00 a.m.,” and that Nguyen did not appear on the rescheduled examination date. In the assessment of these materials, “any doubt as to the existence of a genuine issue of material fact [is to] be resolved against [CNA]. Because the burden is on the movant, the evidence presented... always is construed in favor of the party opposing the motion and he is given the benefit of all favorable inferences that can be drawn from it” 10A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE §2727, at 124-125 (2d ed. 1983), quoted in Foley v. Matulewicz, 17 Mass. App. Ct. 1004, 1005 (1984). Amotion judge
‘must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.’ Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). A judge’s mere belief that the movant is more likely to prevail at trial is not a sufficient basis for granting summary judgment
Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
Since we conclude that “a fair-minded jury” could find that Nguyen substantially fulfilled his obligation to cooperate, the trial court erred in awarding CNA summary judgment Nguyen appeared at the time and place directed. He was there to be examined for an hour. More importantly, he did not choose to leave of his own accord after the hour, hut left because CNA’s attorney chose to end the examination. Nguyen made no request that the examination be suspended in order to retain a lawyer or for any other reason. It is unclear whether Nguyen agreed with CNA’s attorney’s statement that he had to leave with his brother. Nguyen’s responses were ambiguous. It can be inferred that he only acknowledged that his brother made such a representation, not that he was agreeing he had to leave. His later statement that he had the use of his father’s car could be taken as referring to use of the car on September 17th or for some date in the future. What is very clear from the record is that CNA’s attorney simply did not want to conduct the examinations of Nguyen and his brother at separate times, although no reason was given as to why Nguyen could not have been examined separately.
Nguyen also had a “duty to produce documents pertinent to the claimed loss.” See Rymsha v. Trust Ins. Co., supra at 417. Here too, a “fair-minded jury” could con- *6 elude that he substantially complied with that obligation. He brought his license, and said he did not have some of the documents requested. However, CNA’s attorney never ascertained that Nguyen would not have the maintenance records on his brother’s vehicle, and seemed more concerned about Nguyen’s medical records. Yet Nguyen had provided CNA with a signed authorization to obtain medical information, and had undergone an independent medical examination. Since the real issue in this case appears to be whether Nguyen was even in the vehicle and not whether he had injuries sustained somewhere, the materiality of the requested documents is far from evident
In these circumstances, it would have been open to a jury to find that Nguyen had fulfilled his obligation to submit to an examination under oath and produce documents at his appearance on September 17th, and that he was not obligated to come back a second time. That being the case, CNA failed to satisfy the Rule 56 burden incumbent upon it to show that there is no genuine issue of material feet Consequently, it does not matter that Knight failed to submit any materials in opposition to summary judgment “[T]he burden never shifted to [Knight], as the opposing parly, to demonstrate by admissible evidence the existence of a genuine issue of material feet” Sanabia v. Travelers Ins. Co., 1999 Mass. App. Div. 46, 49, citing Smith v. Massimiano, 414 Mass. 81, 86-87 (1993).
Accordingly, the trial court’s entry of summary judgment for CNA Insurance Companies is hereby vacated, the allowance of CNA’s Rule 56 motion is reversed, and this case is returned to the Lowell Division for trial.
So ordered.

 CNA will also have the burden of proving noncooperation at trial. An insured’s submission to an examination under oath has been held to constitute a condition precedent to obtaining insurance benefits. Mello v. Hingham Mut. Fire Ins. Co., 421 Mass. 333, 337 (1995); Rymsha v. Trust Ins. Co., 51 Mass. App. Ct. 414, 417 (2001). In an action to recover PIP payments, however, G.L.c. 90, §34M provides that “[njoncooperation of an injured party shall be a defense to the insurer in any suit for benefits authorized by this section...”