COMMISSIONER OF INSURANCE, receiver,[1] *vs.* JANKOWSKI INSURANCE AGENCY, LLC, & another.[2]

No. 03-P-614.

Suffolk. February 5, 2004. - June 9, 2004.

Present: COWIN, BROWN, & GREEN, JJ.

*Commissioner of Insurance. Receiver. Insurance,* Commissioner of Insurance, Agent. *Contract,* Insurance agency. *Broker,* Commission.

In a civil action filed by the plaintiff as receiver of an insurance company against the defendant, a former agent of that insurance company, for repayment of commissions that the insurance company had previously paid to the defendant, the judge properly granted summary judgment in favor of the plaintiff, where no legal ground existed that would permit the defendant to retain unearned commissions that arose from premiums that were later returned to policyholders due to cancellation of the underlying policies. [306-307]

CIVIL ACTION commenced in the Superior Court Department on December 4, 2001.

The case was heard by *Patrick J. King,* J., on a motion for summary judgment.

*James L. Ackerman* for the defendants.

*Edward Rabinovitz* for the plaintiff.

BROWN, J. This appeal arises from an action filed in Superior Court by the Commissioner of Insurance (commissioner), as she is receiver of New England Fidelity Insurance Company (NEFIC), against a former NEFIC agent, Jankowski Insurance Agency, LLC, and Michael R. Jankowski.[3] The commissioner sought the repayment of commissions previously paid by NEFIC to Jankowski. The commissions had been paid on certain

---

[1]Of New England Fidelity Insurance Company.

[2]Michael R. Jankowski.

[3]The defendants are referred to herein as "Jankowski."

premiums that were later refunded to policyholders when policies were canceled before the end of the policy term. The policies had been ordered canceled by the Supreme Judicial Court when it placed NEFIC into receivership and appointed the commissioner as permanent receiver.

A Superior Court judge allowed the commissioner's motion for summary judgment and ordered Jankowski to pay $38,688 plus interest to the commissioner. As no legal ground or other persuasive reason to disturb the judgment entered in the Superior Court has been made to appear, we affirm.

*Background.* The material facts are not in dispute. By an order of September 20, 2000, the Supreme Judicial Court appointed the commissioner as receiver for NEFIC, pursuant to G. L. c. 175, § 180B. The court directed the commissioner to take immediate control of the property and assets of NEFIC and to administer them under general supervision of the court. The court ordered all existing NEFIC policies canceled, effective on ninety days' notice to policyholders.

Prior to being placed in receivership, NEFIC had an agency agreement with Jankowski. Jankowski takes the position that any termination of its agency relationship with NEFIC required notice of at least 180 days, pointing to the agency contract and G. L. c. 175, § 163, as authority. Believing the commissioner, as receiver, committed a breach of the agency contract, Jankowski refused to repay the sum of $38,688.08 to the commissioner, prompting this lawsuit.

*Discussion.* It cannot be disputed that on appointment as receiver for NEFIC the commissioner had the power to take custody of NEFIC's assets so as to preserve them for purposes of winding down the company's affairs. G. L. c. 175, § 6.[4] See *Matter of the Liquidation of Am. Mut. Liab. Ins. Co.*, 417 Mass. 724, 729 (1994). Unearned commissions are assets that the receiver must take into her custody. Under its agency contract,

---

[4]Section 6, as amended by St. 1989, c. 237, § 2, authorizes the commissioner, when appointed as receiver, to "take possession of all the property and effects of the company, to settle its affairs, and to distribute its assets, subject to such rules and orders as the court may prescribe." In accord with § 6, the court directed the commissioner, as receiver here, to take immediate control of all property and assets of NEFIC.

Jankowski had no right to retain unearned commissions arising from premiums that were later returned to policyholders due to the cancellation of the underlying policies.[5]

The agency contract between NEFIC and Jankowski expressly provided that the latter was required to return a portion of the commission in the event the insurer (NEFIC) were to refund part of its premium, which would then be unearned. Under any reading of the agency contract, Jankowski was not entitled to retain unearned commissions. Thus, whether grounded on theories of money had and received, see *Cookson Group PLC* v. *Flynn*, 52 Mass. App. Ct. 909, 912 (2001), or failure of consideration, see *Rayner* v. *McCabe*, 319 Mass. 311, 313-314 (1946), or, more simply, based on the Supreme Judicial Court's order of September 20, 2000, summary judgment properly entered for the commissioner below.

Contrary to Jankowski's belated arguments, NEFIC did not commit a breach of the agency agreement.[6] Nor can the court's appointment of a receiver, or its ordering the cancellation of NEFIC policies, more generally, be seen as a breach of any contract with Jankowski. See *Thatcher* v. *H.C. Baldwin Agency, Inc.*, 283 F.2d 857, 861 (7th Cir. 1960); *Fabe* v. *Facer Ins. Agency, Inc.*, 773 F.2d 142, 145-146 (7th Cir. 1985), cert. denied, 475 U.S. 1013 (1986).

> *Judgment affirmed with*
> *double costs of appeal.*

---

[5]Jankowski concedes its commission compensation was based on a percentage of total premiums paid. As Jankowski described it in his affidavit, the term "unearned commission" refers to the portion of the agent's commission that corresponds with the portion of the premium that is unearned. For example, a premium is earned ratably over the term of a policy, usually one year; so after six months of the term, the insurer has earned one-half of the annual premium. If a one-year policy is canceled after six months, the insurer would not be entitled to the remaining fifty percent of the annual premium (i.e., it is "unearned").

[6]The requirement of G. L. c. 175, § 163, as to 180 days' notice of an agency agreement termination, applies when an insurer switches from one agent to a different agent, see *Frontier Mgmt. Co.* v. *Balboa Ins. Co.*, 622 F. Supp. 1016, 1019 (D. Mass. 1985), and not to the situation here when a receiver is appointed.