Welsh, J.
This is an action to recover $23,000.00 which the plaintiff alleges was paid by mistake to the defendant. The complaint is in two counts; one for breach of contract, and the other in quantum meruit. After a jury-waived trial, the judge found for the defendant. The plaintiff appeals, claiming that the judge erred in finding for the defendant and in his disposition of requests for rulings filed by the plaintiff. We agree and order that the judgment for the defendant be vacated.
The defendant was hired as a Commercial Security Consultant (“Sales Representative”) on or about December 8, 2001. The written compensation plan provided, inter alia, that the defendant was to receive a guaranteed commission of $2,000.00 per month during the first 90 days of his employment. Thereafter, he was to be compensated on the basis of commissions earned. As a result of a mistake by the plaintiff’s bookkeeping department, the defendant continued to receive the guaranteed commission, resulting in an overpayment of $23,000.00. Neither party was aware of the mistake until February 15,2003. The plaintiff demanded repayment. When payment was not forthcoming, the relationship between the parties deteriorated. The defendant left the employment shortly thereafter.
The plaintiff filed requests for rulings of law seasonably. We need only discuss one of those because it is determinative of this appeal. The request is as follows:
An action for money had and received lies to recover money which should not in justice be retained by the defendant, and which in equity and good conscience should be paid to one plaintiff.
The judge denied this request, stating that it was a “mixed request.”
We conclude that the denial of this request was prejudicial error. The request accurately stated the elements of an action for money had and received. See General Exchange Ins. Corp. v. Driscoll, 315 Mass. 360, 365 (1944); Stone & Webster Engr. Corp. v. First Nat'l Bank & Trust Co. of Greenfield, 345 Mass. 1, 4 (1962). If a request for ruling states a correct rule of law pertinent to the issues and applicable to the evidence, the party requesting the ruling is entitled to have it allowed. Hetherington & Sons v. William Firth Co., 210 Mass. 8, 18-19 (1911);Jaquith v. Davenport, 191 Mass. 415, 418 (1906). Indeed, this was the central issue of the case on which rights of the parties depended. Secondly, the ruling requested was applicable to the evidence in the case. There was evidence that the overpayment by the plaintiff of $23,000.00 was the result of a mistake of fact. See Cookson Group PLC v. Flynn, 52 Mass. App. Ct. 909, 911 (2001). While questions of credibility are for the trier of fact, a party is entitled to know what rule or rules of law were applied by the judge in arriving at a conclusion adverse to the party making the request. Bresnick v. Heath, 292 Mass. 293, 298-299 (1935).
*10 The denial of a pertinent request for ruling, correct in law and applicable to the evidence might be deemed non-prejudicial if the court demonstrates by specific written findings of fact that the denial of the request was immaterial. Cameron v. Buckley, 299 Mass. 432, 434 (1938). In the instant case, the court did not choose to make specific written findings of fact. In such a case, it will be presumed on appeal that the finding for the adverse party was the product of the erroneous ruling. Rummel v. Peters, 314 Mass. 504, 517-518 (1943). See generally DiGesse v. Columbia Pontiac Co., Inc., 369 Mass. 99, 102-106 (1975).
The finding and judgment for the defendant are vacated. The case is returned to the Stoughton Division for a new trial.
So ordered.