Swan, J.
Michael H. Kaplan, D.C. (“Kaplan”) commenced this action against Arbella Mutual Insurance Company (“Arbella”) seeking payment under G.L.c. 90, §34M of personal injury protection (“PIP”) benefits for chiropractic services he provided to Arbella’s insured. The trial court allowed Arbella’s Mass. R. Civ. R, Rule 56 motion for summary judgment based on the failure of Arbella’s insured to cooperate by submitting to an independent medical examination (“IME”) ,[1] Kaplan has appealed that summary judgment ruling.
*309 In moving for summary judgment, Arbella “assume [d] the burden of affirmatively demonstrating,” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989), that there was “no genuine issue as to any material fact and that [it was] entitled to a judgment as a matter of law.” Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995), quoting Mass. R. Civ. P., Rule 56(c). We view the facts presented in the light most favorable to Kaplan, the nonmoving party. Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).
Arbella’s insured, Chantal Monge (“Monge”), a minor, was injured in a motor vehicle accident on April 12, 2003 while riding as a passenger in a vehicle driven by Arbella’s policyholder, Maria Santiago.[2] Monge was treated by Kaplan, who submitted his bills to Arbella for payment. Arbella retained BME Gateway Medical Services (“Gateway”) to conduct an IME of Monge. Gateway scheduled the IME at its offices in Lowell on May 27,2003.[3] Monge appeared for the IME at the scheduled time, but the examining chiropractor, Dr. Swensen, cancelled the IME because Monge was a minor unaccompanied by an adult. Monge was seventeen years and nine months old at the time. Two days later, Gateway sent Monge a letter setting the IME for June 10, 2003 at 3:00 P.M. Although Monge’s medical records clearly listed her address as 24 Kendall Street, Lawrence, Gateway mailed the IME notice to 84 Kendall Street. Monge did not appear for the IME. On June 13, 2003 another letter was sent to Monge, again at the incorrect 84 Kendall Street address, scheduling the IME for June 24,2003 at 4:45 P.M. (The appointment had originally been set for 3:30 P.M. but, at the request of an attorney,[4] was rescheduled to accommodate Monge’s mother.) Again, Monge did not appear. On June 27, 2003, Arbella sent Monge a letter, this time in care of the attorney at his office, denying PIP coverage for failure to cooperate in attending an IME.
Copies of the May 29 and June 13,2003 IME letters were sent by Gateway to both the attorney and Arbella. Arbella received its copies. There is no proof that either Monge, or the attorney, received theirs.
Arbella’s insurance contract with Maria Santiago, issued in accordance with the PIP statute, §34M, afforded Arbella the “right to require [the injured] person to be examined by [medical providers] selected by” Arbella, and provided that “ [f] ailure to cooperate with [Arbella could] result in the denial of the claim.” The same obligation to undergo an IME is imposed by the statute, and noncooperation in attending an IME is an affirmative defense available to an insurer defending against a §34M PIP claim. The sole question on this appeal is whether there exists a genuine factual issue as to noncooperation by Monge due to her failure to participate in the IME.
Arbella’s case clearly fails at the very outset, for Monge did attend the first scheduled IME. It was the examining chiropractor’s decision, not Monge’s, to send her away and not to proceed with the IME. His stated reason was that she was a minor, three months short of her eighteenth birthday, and needed to be accompanied by a *310 parent. Yet Arbella cites no rule, policy, or ethical precept for such need. Thus Arbella itself, through its agent Gateway, prevented the very cooperation it required. See Knight v. CAN Ins. Cos., 2002 Mass. App. Div. 3, 5 (summary judgment for insurer based on noncooperation vacated where insured appeared initially for examination under oath, which was then terminated by insurer’s counsel).
After terminating the IME for which Monge had dutifully appeared, Gateway sent the next two letters to reschedule the IME to the wrong street address. See Barron Chiropractic & Rehabilitation, P.C. v. Premier Ins. Co. of Mass., 2009 Mass. App. Div. 1, 3 (discrepancy in zip codes raised question whether injured party received INIE notices). There is nothing in the record to establish that Monge ever received those letters. While Arbella argues that Monge’s attorney was also sent copies of the notices, it had no knowledge of the extent of the attorney’s contacts with Monge. At most, it appears that the attorney’s contacts were with Monge’s mother.[5] And there is certainly no showing of any assertion by the attorney that Monge would not cooperate, as was the case in Hodnett v. Arbella Mut. Ins. Co., 1996 Mass. App. Div. 131.
Significantly, neither Gateway, nor Arbella, sent a copy of the IME notice to Monge’s mother, whom the examining chiropractor wanted to accompany Monge to his office. Even if it could be proved that Monge received the notices, and on the record presented it has not, Arbella can hardly claim, on the one hand, that this minor was not competent to be given a medical examination without a parent present but, on the other hand, was competent, without a parent, to receive and act upon a legal or medical notice. In its quest to defeat Kaplan’s §34M claim, Arbella may not have it both ways.
In allowing summary judgment in favor of Arbella, the motion judge opined at the hearing that even without any evidence presented by Kaplan, Arbella’s defense of noncooperation was overwhelming. We must, respectfully, disagree. Even without a counteraffidavit from Kaplan, based on Arbella’s evidence alone, it is clear that a genuine issue of material fact critical to Arbella’s defense remains to be resolved. Arbella failed to satisfy its Rule 56 burden, and the case must go to trial.
Summary judgment for the defendant is vacated. The case is returned to the Lawrence Division of the District Court Department for trial.
So ordered.

 Kaplan also sought damages on additional complaint counts pursuant to G.L.c. 93, c. 93A, c. 176D, and c. 90, §34A. While summary judgment was entered for Arbella on all of his claims, Kaplan has appealed only the judgment against him on his §34M claim.

 Counsel stated at oral argument that Maria Santiago is Monge’s mother.

 Unlike subsequent notices, this initial notice to Monge is not included in the record and was not before the motion judge. It is not known what mailing address was used, a factor of some significance, as recited below

 The attorney purportedly represented Monge, but see note 5 infra.

 According to Arbella’s claims adjuster, Arbella received notification, most likely in the form of a letter of representation, from the attorney “[o]n or about May 30, 2003” that he “was representing Monge in her claim for PIP benefits.” However, the second IME notice to Monge was dated the day before receipt of this notification, on May 29, 2003. While a copy of the second IME notice was sent to the attorney, it is unclear what Arbella understood the attorney’s role to be, to wit, whether on May 29, 2003 he represented Monge or her mother, or both, or neither.